UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SPECIAL TOUCH HOME CARE SERVICES, INC.,     Docket No.:   20-CV-3051

                      Plaintiffs,                   **COMPLAINT**

        -against-                    <u>Jury Trial Demanded</u>

UNITED STATES OF AMERICA,

                      Defendant.
-------------------------------------------------------------------X

        Plaintiff, SPECIAL TOUCH HOME CARE SERVICES, INC., by its attorney, Wynne Law, P.C., complaining of Defendant herein, alleges, upon knowledge as to itself and its own actions, and upon information and belief as to all other matters, as follows:

### **PRELIMINARY STATEMENT**

1.     This action is brought pursuant to 26 U.S.C. § 7422 against Defendant, UNITED STATES OF AMERICA, seeking a refund of federal tax penalty that was erroneously or illegally collected by Defendant and the refund of which was erroneously or illegally denied by Defendant.

### **JURISDICTION**

2.     The jurisdiction of this Court is invoked under the laws of the United States, including 26 U.S.C. § 7422. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§1346(a)(1) and 1331.

3.     The jurisdictional prerequisites to this lawsuit have been completed. Plaintiff filed its claim for refund pursuant to 26 U.S.C. § 7422(a) on July 1, 2019.

  Defendant has failed to respond.

## VENUE

4.  Venue is proper in this judicial district under 28 U.S.C. §§1391(e)(2), (3) and 1402(a)(1) because Plaintiff, SPECIAL TOUCH HOME CARE SERVICES, INC., has its principal place of business in this judicial district, and because the Defendant is the United States of America.

## PARTIES

5.  Plaintiff, SPECIAL TOUCH HOME CARE SERVICES, INC., is a corporation organized under the laws of New York State with a principal place of business in Brooklyn, New York.

6.  Defendant, UNITED STATES OF AMERICA, is the proper defendant in an action seeking refund of any internal revenue tax pursuant to 26 U.S.C. §7422(f)(1).

## FACTS

### Background

7.  On or about 1990, Plaintiff hired Joseph Liberman ("Liberman") as its Controller.

8.  Liberman's duties as Controller included transmitting W-2 data to the IRS via the Social Security Administration.

9.  From 1990 through 2014, Liberman executed his duties without incident.

10.  During 2013, Liberman was diagnosed with and treated for prostate cancer.

11.  Liberman continued to work throughout his cancer treatment and satisfactorily

completed all of his duties.

12. During late 2015 or early 2016, Liberman was diagnosed with and treated for colon cancer. His treatment consisted of both radiation and chemotherapy.

13. Liberman continued to work throughout his cancer treatment.

14. On several occasions during Liberman's treatment, Plaintiff's president asked Liberman if he was able to keep up with his work and if he needed to reduce his work hours. On each occasion, Liberman assured Plaintiff's president that he was keeping up with his work and did not need to reduce his work hours.

15. Plaintiff's president reasonably relied on Liberman's assurances because he had satisfactorily completed all of his duties since 1990 and during his prior cancer treatment.

16. Unknown to Plaintiff, Liberman neglected to timely submit Plaintiff's Forms W-2 and W-3 to the IRS for both 2015 and 2016.

17. Plaintiff did not become aware of this failure until it received correspondence from the Internal Revenue Service proposing a penalty.

18. Immediately upon discovering this failure, Plaintiff provided the IRS with any missing tax forms and retained the services of a payroll company to handle all future filings with the Internal Revenue Service.

## The 2016 Penalty

19. By correspondence dated July 31, 2018, the Internal Revenue Service proposed a penalty in the amount of $1,340,820.00 on Plaintiff for filing its 2016 information

returns late.

20. On or about August 28, 2019, Plaintiff's representative filed a timely disagreement based on reasonable cause.

21. By correspondence dated March 7, 2019, the IRS determined that the Plaintiff had shown reasonable cause and abated the proposed penalty.

### The 2015 Penalty

22. By correspondence dated February 31, 2017, the Internal Revenue Service proposed a penalty in the amount of $451,000.00 on Plaintiff for filing its 2015 information returns late.

23. A disagreement was filed by Plaintiff's representative based on reasonable cause.

24. By correspondence dated February 2, 2018, the Internal Revenue Service determined that "[t]he information submitted doesn't establish reasonable cause or due diligence" and denied Plaintiff's request for a penalty abatement.

25. On or about August 2018, the Internal Revenue Service offset $443,188.36 from the Plaintiff's first quarter 2018 Form 941.

26. On or about October 2018, the Internal Revenue Service offset $11,805.98 from the Plaintiff's second quarter 2018 Form 941.

27. On or about July 1, 2019, the Plaintiff's representative timely filed a Claim for Refund and Request for Abatement (Form 843) with the Internal Revenue Service requesting an abatement of the penalty and a refund of the $454,994.34 that the Internal Revenue Service has seized.

28. By correspondence dated approximately December 18, 2019 and February 12, 2020, the Internal Revenue Service advised Plaintiff that it had not "completed all of the processing necessary for a complete response" and that it would contact Plaintiff again within 60 days.

29. More than 60 days have elapsed since February 12, 2020.

30. Plaintiff has received no further response from the Internal Revenue Service.

## AS AND FOR A CAUSE OF ACTION

31. Plaintiff realleges and incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

32. Plaintiff SPECIAL TOUCH HOME CARE SERVICES, INC. duly filed his claim for refund with the Internal Revenue Service on or about July 1, 2019 by filling a Form 843 as required by 26 U.S.C. §7422(a).

33. More than 6 months have expired since that date of filing as required by 26 U.S.C. §6532(a).

34. Plaintiff has satisfied all prerequisites to bring this action required by 26 U.S.C. §§7422(a) and 6532(a).

35. Plaintiff has been damaged in the amount of $454,994.34, plus prejudgment and post judgment interest.

WHEREFORE, plaintiff requests this court to:

a. Award plaintiff SPECIAL TOUCH HOME CARE SERVICES, INC. judgment on its cause of action in the amount of $454,994.34, plus prejudgment and post judgment

       interest; and

b.     Award Plaintiff reasonable litigation costs of suit incurred in this action pursuant to 26 U.S.C. §7430; and

c.     Award Plaintiff such other and further relief as this court may deem just and proper.

       Plaintiff demands a jury trial.

Dated: Garden City, New York
       July 8, 2020

                                    Respectfully submitted,

                                    WYNNE LAW, P.C.
                                    *Attorneys for Plaintiffs*
                                    1225 Franklin Ave., Suite 325
                                    Garden City, NY 11530
                                    Phone/Fax (833) 829-2889
                                    jennifer@wynnelawpc.com

                                    By:       /s/
                                    JENNIFER ANN WYNNE (JW4428)