UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------x
                            :

SPECIAL TOUCH HOME CARE       :
SERVICES, INC.,                    :
                            :
       *Plaintiff,*           :
                            :
       *v.*                :   Case No. 1:20-cv-03051-NGG-RLM
                            :
UNITED STATES OF AMERICA,    :
                            :
      *Defendant.*        :
---------------------------------------------x

## DEFENDANT UNITED STATES' MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

## CERTIFICATE OF SERVICE

       I certify that service of the foregoing Memorandum of Law in Support of the United States' Motion to Dismiss has this 12th day of April, 2021, been made upon counsel for plaintiff Special Touch Home Care Services, Inc. via email.

                                 */s/ Thelma A. Lizama*
                                 THELMA A. LIZAMA
                                 Trial Attorney, Tax Division

## PRELIMINARY STATEMENT

Defendant United States of America moves to dismiss plaintiff Special Touch Home Care

Services, Inc. (herein referred to as the "plaintiff" or "corporation") pursuant to Federal Rule of

Civil Procedure 12(h)(3). This Court lacks subject-matter jurisdiction over plaintiff's complaint

because the plaintiff failed to duly file an administrative claim for refund prior to the

commencement of the refund action, as required by Internal Revenue Code § 7422 (26 U.S.C.)

and because the sovereign immunity of the United States has not been waived. Accordingly,

plaintiff's complaint should be dismissed.

## BACKGROUND

The plaintiff filed this suit under 28 U.S.C. § 1346(a) seeking an abatement and refund in

the amount of $454,994.34 for a penalty that the Internal Revenue Service ("IRS") imposed

against the corporation pursuant to 26 U.S.C. § 6721 for its failure to file information tax returns,

specifically Forms W-2 and W-3 for the tax year 2015. *See* Docket No. 1. The only exhibits

attached to the plaintiff's complaint were a civil cover sheet and a proposed summons. *Id*.

The penalty was assessed against the plaintiff on February 19, 2018. *See* Ex. 1.  In

satisfaction of the penalty liability, the IRS allowed $443,188.36 as a credit as of April 30, 2018,

from the account for employment taxes (Form 941) for the first quarter of 2018 and $11,805.98

as a credit as of July 31, 2018, from the account for employment taxes for the second quarter of

2018.  *Id.; see also* 26 U.S.C. § 6402(a) (giving the IRS the discretion to apply overpayments to

any tax liability); Treas. Reg. § 301.6402-1 (26 C.F.R.).

On July 1, 2019, plaintiff mailed a Form 843, Claim for Refund and Request for

Abatement ("Form 843"), with attachments therein requesting an abatement of the penalty and a

refund in the amount of $454,994.34.[1]  *See* Ex. 2.  Plaintiff mailed its claim to the IRS Philadelphia Service Center. *Id*. The only signature on the Form 843 is on the line for a return preparer, with Hana M. Burochov listed in the box for "Paid Preparer Use Only."  *Id.* at 2.  The instructions to the Form 843 specify that an authorized representative can file a Form 843 on a taxpayer's behalf, but in such a situation, a Form 2848, Power of Attorney and Declaration of Representative ("Form 2848")  must be attached, and the taxpayer must sign the Form 2848 and authorize the representative to act on the taxpayer's behalf *for the purpose of the request*. (emphasis added). *See* Ex. 3 at 2.  A one-time, specific use power of attorney is required to authorize a representative to file a Form 843. *See* Ex. 3 at 2; Ex. 4 at 4.

Here, the Form 2848, Power of Attorney and Declaration of Representative, listed several representatives, including Ms. Hannah M. Burochov, as representatives of the plaintiff with respect to civil penalties for the tax years 2015 and 2016.  Ex. 2 at 3-4.  Plaintiff's Form 2848 identifies the following tax matters and tax forms for years 2015 and 2016: "Civil Penalty," Forms "1099" and "W-2 & W-3."  *Id*. at 3.  Plaintiff's Form 2848, however, does not specifically authorize Ms. Burochov or any other representative to file a claim for refund or to represent plaintiff before the IRS with respect to a Form 843.  Further, Form 2848 does not check the box on Part I, line 4, for a one-time, specific use power of attorney. *Id*. The Instructions to the Form 2848 direct taxpayers to check the box on Part I, line 4, if the authorization is for a specific use not recorded on CAF.[2]  *See* Ex. 4 at 4. One such specific use not recorded on CAF is the filing of

---

[1] The plaintiff's submission included a cover letter, Form 843, Form 2848, and an attached statement with exhibits in support of its claim.  The statement contains medical information not relevant to this motion.  As such, the statement and its exhibits have not been attached hereto.
[2] The IRS's CAF is the Centralized Authorization File, which is the computer file system containing information regarding the authority of individuals appointed under powers of attorney.

a Form 843, Claim for Refund and Request for Abatement. *Id*.  In addition, the Form 2848 does

not check the box on Part I, line 5, that, if checked would indicate that Ms. Burochov or any

other representative was authorized to sign returns on the plaintiff's behalf. Ex. 2 at 2.  For

corporations, the instructions for the Form 2848 state:  "An officer with the legal authority to

bind the corporation or association must sign and enter his or her exact title."  Ex. 4 at 5.

The plaintiff commenced this action on October 6, 2020, before the IRS responded to the

Form 843. *See* Compl. ¶¶ 28-29.

## LEGAL STANDARD

"It is axiomatic that the United States may not be sued without its consent and that the

existence of consent is a prerequisite for jurisdiction." *U.S. v. Mitchell*, 463 U.S. 206, 212)

(1983). Section 1346 of Title 28 operates in conjunction with 26 U.S.C. §7422 to provide a

waiver of sovereign immunity in tax refund suits only when a taxpayer has "duly filed" an

administrative claim for refund as required by Internal Revenue Code § 7422.  26 U.S.C. § 7422;

*see also United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 5 (2008); *United States v. Felt*

*& Tarrant Mfg. Co.*, 283 U.S. 269, 272–73 (1931). The waiver of sovereign immunity in tax

refund suits is thus limited and conditioned on compliance with the requirements set out in §

7422.

Because sovereign immunity limits the Courts subject matter jurisdiction.  "A case is

properly dismissed for lack of subject matter jurisdiction … when the district court lacks the

statutory or constitutional power to adjudicate it." *See Makarova v. United States*, 201 F.3d 110,

113 (2d Cir. 2000).  A plaintiff asserting subject-matter jurisdiction has the burden of proving by

a preponderance of the evidence that it exists. *See Malik v. Meissner*, 82 F.3d 560, 562 (2d

Cir.1996). Here, as discussed in Section II, *infra*, the plaintiff cannot meet that burden.

The Second Circuit has drawn a distinction between two types of motions to dismiss: (i) facial motions and (ii) fact-based motions. *See Carter v. HealthPort Technologies, LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016); *see also Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 119 (2d Cir. 2017). A facial motion is one "based solely on the allegations of the complaint or the complaint and exhibits attached to it." *Carter*, 822 F.3d at 56. A plaintiff opposing such a motion bears "no evidentiary burden." *Id*.

Instead, to resolve a facial motion, a district court must "determine whether [the complaint and its exhibits] allege[ ] facts that" establish subject-matter jurisdiction. *Id*. (quoting *Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (per curiam)). In order to make that determination, a court must accept the complaint's allegations as true "and draw[ ] all reasonable inferences in favor of the plaintiff." *Id*. at 57 (internal quotation marks and citation omitted).

Alternatively, a defendant is permitted to make a fact-based motion to dismiss, proffering evidence beyond the complaint and its exhibits." *Carter*, 822 F.3d at 57; *see also MMA Consultants 1, Inc. v. Rep. of Peru*, 719 F. App'x 47, 49 (2d Cir. 2017) (summary order) (defining fact-based Rule 12(b)(1) motion as one where "the defendant puts forward evidence to challenge the factual contentions underlying the plaintiff's assertion of subject-matter jurisdiction"). "In opposition to such a motion, [a plaintiff] must come forward with evidence of their own to controvert that presented by the defendant, or may instead rely on the allegations in the [p]leading if the evidence proffered by the defendant is immaterial because it does not contradict plausible allegations that are themselves sufficient to show standing." *Katz*, 872 F.3d at 119 (internal citations and quotations omitted). If a defendant supports its fact-based motion to

dismiss with "material and controverted" "extrinsic evidence," a "district court will need to make findings of fact in aid of its decision as to subject matter jurisdiction." *Carter*, 822 F.3d at 57.

## ARGUMENT

### I.      The District Court's Jurisdiction Over Tax Refund Cases

The United States, as sovereign, may not be sued without its consent, and the terms of its consent define the court's jurisdiction. *United States v. Testan*, 424 U.S. 392, 399 (1976).  Any waiver of the federal Government's immunity to suit must be explicit and must be strictly construed.  *Soriano v. United States*, 352 U.S. 270, 276 (1957).  In order to sue the United States for a refund of taxes and/or penalties alleged to have been erroneously assessed and collected, the taxpayer must satisfy two jurisdictional prerequisites.

First, the taxpayer must "duly file" an administrative claim for refund with the IRS "according to the provisions of law . . . and regulations of the Secretary [of the Treasury] in pursuance thereof."  26 U.S.C. § 7422; *see also Clintwood Elkhorn Min. Co.*, 553 U.S. at 5; *Felt & Tarrant Mfg. Co.*, 283 U.S. at 272–73. Second, the taxpayer must wait for six months to expire before filing suit.  26 U.S.C. § 6532(a)(1).

These two jurisdictional prerequisites are necessary to maintain a refund suit and must be established before the Court can proceed to the merits.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 88-89 (1998) (noting that jurisdiction is a threshold questions that must be addressed before reaching the merits.)

### II.     This Court Lacks Jurisdiction to Consider Plaintiff's Claim for Refund

The Treasury Regulations promulgated by the Secretary of the Treasury regarding a claim for refund require that:

> [t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof.

5

> The statement of the grounds and facts must be verified by a written declaration that it is made *under penalties of perjury*. A claim which does not comply with this paragraph *will not be considered for any purpose as a claim for refund*.

Treas. Reg. § 301.6402-2(b)(1) (emphasis added). For penalties, a Form 843 is the correct form to use. *See* Treas. Reg. § 301.6402-2(c). Forms 843 state that the form must be signed by an officer of a corporation under penalties of perjury.

Form 843, provides a line for the taxpayer to sign "under penalties of perjury." In this case, plaintiff corporation did not sign the alleged claim for refund, verifying its assertions, under penalty of perjury, as required by the regulations. Treas. Reg. § 301.6402-2(b)(1) *see also* Anuforo v. Comm'r, Criminal No. 05-2156, 2007 WL 2695805, at *3 (D. Minn. Sept. 10, 2007) ("[U]signed Forms 832 are not valid claims forms" and thus "cannot satisfy the jurisdictional prerequisites of making a claim to the Secretary six months before initiating suit in this Court."); *Overton v. United States*, No. CIV-99-1518-L, 2001 WL 1399379, at *4 (W.D. Okla. Sept. 14, 2001) (dismissing refund suit where, *inter alia*, alleged claim for refund "[did] not satisfy the regulatory requirements [for refund claims] as it [did] not contain a declaration that it [was] made under penalties of perjury."), *aff'd* 48 F. App'x 295 (10th Cir. 2002) (affirming district court's dismissal for lack of subject matter jurisdiction because "Plaintiff's alleged refund claim was not 'verified by a written declaration that it [was] made under the penalties of perjury,' and thus it could not 'be considered for any purpose as a claim for refund.'").

Further, Ms. Burochov's signature as the return preparer was insufficient to satisfy the requirements for filing a valid refund claim because she did not sign the claim for refund under penalties of perjury on plaintiff's behalf, nor could she sign it on plaintiff's behalf, because she did not have the authority to do so as a matter of fact and law.

Indeed, a claim for refund "may be executed by an agent of the person assessed*, but in such case a power of attorney must accompany the claim.*"  Treas. Reg. § 301.6402-2(e) (emphasis added).  However, a claim for refund that is executed by someone other than the taxpayer is not valid unless it is accompanied by an adequate power of attorney.  *Estate of Oldham v. Campbell*, 217 F. Supp. 819, 824 (N.D. Tex. 1963) ("There is no question about the fact that the filing of a proper claim for refund is a condition precedent to the filing of this character of suit. . . . It is likewise settled that if the claim is not filed by the taxpayer himself, the person purporting to act for him must file with the Internal Revenue Service an *adequate* power of attorney evidencing his authority to act in the matter." (emphasis added)); *Cf. Elliott v. Comm'r*, 113 T.C. 125, 129 (2009) (holding that a return signed by an attorney that was not accompanied by a valid power of attorney was not a valid return); *Olpin v. Comm'r*, 270 F.3d 1297, 1299 & 1300–01 (10th Cir. 2001) (return invalid as unsigned where taxpayers failed to sign, even though return preparer signed).

In this case, Ms. Burochov *could not* sign the Form 843 under penalties of perjury on plaintiff's behalf because she did not have the authority to do so.  The Form 2848 that was submitted with Form 843 does not confer authority on Ms. Burochov to sign the Form 843 on plaintiff's behalf. Ex. 1 at 2. It does not list Form 843 as a form for which Ms. Burochov is authorized to act, nor does it list "claims for refund" as a matter for which Ms. Burochov may represent plaintiff before the IRS. *Id*.  Further, it does not check the box on Part I, Line 4, which, if checked, would have indicated that Ms. Burochov was authorized to represent plaintiff before the IRS with regard to a claim for refund filed on a Form 843. *Id*. Moreover, it does not check the box on Part I, Line 5, which, if checked, would have indicated that Ms. Burochov was authorized to sign returns on plaintiff's behalf. *Id*.  Notably, the Form 843 that was submitted to

the IRS was signed by Ms. Burochov on July 1, 2018, yet the Form 2848 that was submitted with the Form 843 was signed by a representative of the Corporation on January 14, 2019. *Id*. This further demonstrates that the Form 2848 that was submitted with Form 843 did not confer authority on Ms. Burochov to sign the Form 843 on plaintiff's behalf.

Because plaintiff's refund was not "duly filed" within the meaning of § 7422(a), this Court lacks jurisdiction over plaintiff's claim because there is no waiver of sovereign immunity. *See Metcalf v. IRS*, No. 12-CV-2239 (ARR)(LB), 2012 WL 2357761, at *3 (E.D.N.Y. June 19, 2012) ("Without compliance with Section 7422(a), this Court is without subject matter jurisdiction over plaintiff's complaint."); *see also United States v. Dalm*, 494 U.S. 596, 608-10 (1990) ("Under settled principles of sovereign immunity, the United States, as sovereign, is immune from suit, save as it consents to be sued ... and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."); *United States v. Clintwood Elkhorn Mining Co.*, 553 U.S. 1, 4-5, 11-12 (2008) (quoting and applying Dalm); *United States v. Forma*, 42 F.3d 759, 763 (2d Cir. 1994) ("failure to satisfy these prerequisites for initiating a refund suit would normally deprive a district court of subject matter jurisdiction"); *cf. United States v. Wong*, 575 U.S. 402, 410 ("Congress must do something special" to clearly indicate that a rule is tied to the authority of the court to determine the action).

The IRS is entitled to insist on compliance with the Treasury Regulations concerning the requirements for filing a valid refund claim. *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 296-97 (1945).  Here, the IRS has not taken any action on the plaintiff's refund claim. As such, the IRS has not in any way waived the requirements for filing a valid refund claim and the defective Form 843 is insufficient to establish jurisdiction.  Moreover, the plaintiff cannot cure the defect now because jurisdiction is established at the time the complaint is filed, not during the pendency

of the litigation. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1(1957) (quoting *Mollan v. Torrance*, 22 U.S. 537 at 339 (1824) ("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events."). Accordingly, the plaintiff's complaint must be dismissed.

## CONCLUSION

This Court lacks subject-matter jurisdiction over plaintiff's complaint because plaintiff failed to duly file an administrative claim for refund, as required by Internal Revenue Code § 7422.   Accordingly, defendant United States of America respectfully requests that this Court dismiss the complaint.

Date: April 12, 2021

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Thelma A. Lizama*
THELMA A. LIZAMA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-3339 (v)
202-514-5238(f)
Thelma.A.Lizama@usdoj.gov

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------x
: 
SPECIAL TOUCH HOME CARE            :
SERVICES, INC.,                    :
                                   :
                  *Plaintiff,*     :
                                   :
        *v.*                       :        Case No. 1:20-cv-03051-NGG-RLM
                                   :
UNITED STATES OF AMERICA,          :
                                   :
                  *Defendant.*     :
------------------------------------------------x

### DECLARATION OF THELMA A. LIZAMA

I, Thelma A. Lizama, pursuant to 28 U.S.C. § 1746, state as follows:

I am an attorney employed in the Civil Trial Section, Northern Region of the Tax

Division of the United States Department of Justice to whom the above-captioned case has been

assigned.  Attached herewith are the following exhibits, each of which is a true and correct copy

of relevant instructions made available to the public by the Internal Revenue Service ("IRS") and

Forms filed by the plaintiff with the IRS, except to the extent that private information may have

been redacted to comply with e-filing requirements:

1.  <u>Exhibit 1</u>–Account Transcript for civil penalty, obtained from the IRS.

2.  <u>Exhibit 2</u>– Form 843, Claim for Refund and Request for Abatement, signed by Hana

    M. Boruchov on July 1, 2018, and Form 2848, Power of Attorney and Declaration of

    Representative, signed by an authorized representative of Special Touch Home Care

    Services, Inc. on January 14, 2019.  Copies of these forms were provided to me by

    plaintiff's counsel, Jennifer Ann Wynne.

3.  <u>Exhibit 3</u>–The Instructions to the Form 843.

4.  <u>Exhibit 4</u>–The Instructions to the Form 2848.

I declare under penalty of perjury that the foregoing is true and accurate. Executed on this 12th day of April, 2021, in Washington, D.C.

*/s/ Thelma A. Lizama*
THELMA ALEJANDRA LIZAMA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-3339 (v)
202-514-5238(f)
Thelma.A.Lizama@usdoj.gov

Case 1:20-cv-03051-NGG-TAM   Document 18-2   Filed 05/17/21   Page 13 of 29 PageID #: 76



**Defendant
Exhibit**

1



# Internal Revenue Service
United States Department of the Treasury

```
This Product Contains Sensitive Taxpayer Data
```

## Account Transcript

|  |  |
|---|---|
| Request Date: | 08-27-2020 |
| Response Date: | 08-27-2020 |
| Tracking Number: | 100561975671 |

FORM NUMBER:    CIVIL PENALTY

TAX PERIOD:     Dec. 31, 2015

TAXPAYER IDENTIFICATION NUMBER: ███████

SPECIAL TOUCH HOME CARE SERVICES
INC
2091 CONEY ISLAND AVE
BROOKLYN, NY 11223-2334-919
<<<<**POWER OF ATTORNEY/TAX INFORMATION AUTHORIZATION (POA/TIA) ON FILE**>>>>

    --- ANY MINUS SIGN SHOWN BELOW SIGNIFIES A CREDIT AMOUNT ---

| | | |
|---|---|---|
| ACCOUNT BALANCE: | $0.00 | |
| ACCRUED INTEREST: | $0.00 | AS OF: Sep. 07, 2020 |
| ACCRUED PENALTY: | $0.00 | AS OF: |

ACCOUNT BALANCE PLUS ACCRUALS
(THIS IS NOT A PAYOFF AMOUNT):        $0.00

      ** INFORMATION FROM THE RETURN OR AS ADJUSTED **
TAX PER TAXPAYER:                0.00

```
                              TRANSACTIONS
```

| CODE | EXPLANATION OF TRANSACTION | CYCLE | DATE | AMOUNT |
|---|---|---|---|---|
| 240 | Miscellaneous penalty | 201805 | 02-19-2018 | $451,000.00 |
|  | 02-19-2028 | | | |
| n/a | 28354-426-52024-8 | | | |
| 706 | Credit transferred in from 941 201803 | | 04-30-2018 | -$443,188.36 |
| 701 | Removed credit transferred in from | | 04-30-2018 | $443,188.36 |
| 700 | Credit transferred in from | | 04-30-2018 | -$443,188.36 |
| 960 | Appointed representative | | 08-17-2018 | $0.00 |
| 706 | Credit transferred in from 941 201806 | | 07-31-2018 | -$11,805.98 |
| 196 | Interest charged for late payment | 201837 | 10-01-2018 | $3,994.34 |
| 960 | Appointed representative | | 02-11-2019 | $0.00 |

```
          This Product Contains Sensitive Taxpayer Data
```

**Defendant
Exhibit**

2

# Tenenbaum Law, P.C.

### *Tax Attorneys*

Karen J. Tenenbaum
(LL.M. in Taxation)

Jennifer Ann Wynne
Marisa Friedrich
Hana Boruchov^
Also admitted in: ^NJ
Jaime Linder
Charles Finocchiaro
(LL.M. in Taxation)

*Of Counsel:*
Christopher L. Bourell*
(LL.M. in Taxation)
Also admitted in: *TX

534 Broadhollow Road, Suite 301
Melville, New York 11747
Tel: (631) 465-5000
Fax: (631) 465-5003

www.LITaxAttorney.com
info@LITaxAttorney.com

July 1, 2019

**VIA FEDERAL EXPRESS**
CAWR
4-G08 151 Stop
2970 Market Street
Philadelphia, PA 19104

      Re:    **Special Touch Home Care Services, Inc.
EIN: 11-2746028
Tax Period Ending December 31, 2015**

To whom it may concern:

      We represent the above referenced taxpayer. A copy of our Power of Attorney is enclosed for your convenience. Enclosed you will find a Form 843, Claim for Refund and Request for Abatement, along with attached statement and exhibits.

      Thank you for your attention to this matter. If you have any questions, please do not hesitate to contact us.

                  Sincerely,

                  Hana M. Boruchov

HB/
Encs.

Form **843**

(Rev. August 2011)
Department of the Treasury
Internal Revenue Service

## Claim for Refund and Request for Abatement

▶ See separate instructions.

OMB No. 1545-0024

Use Form 843 if your claim or request involves:

(a) a refund of one of the taxes (other than income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding) or a fee, shown on line 3,

(b) an abatement of FUTA tax or certain excise taxes, or

(c) a refund or abatement of interest, penalties, or additions to tax for one of the reasons shown on line 5a.

Do not use Form 843 if your claim or request involves:

(a) an overpayment of income taxes or an employer's claim for FICA tax, RRTA tax, or income tax withholding (use the appropriate amended tax return),

(b) a refund of excise taxes based on the nontaxable use or sale of fuels, or

(c) an overpayment of excise taxes reported on Form(s) 11-C, 720, 730, or 2290.

| | |
|---|---|
| Name(s)<br>Special Touch Home Care Services, Inc. | Your social security number |
| Address (number, street, and room or suite no.)<br>2091 Coney Island Avenue | Spouse's social security number |
| City or town, state, and ZIP code<br>Brooklyn, NY 11223 | Employer identification number (EIN) |
| Name and address shown on return if different from above | Daytime telephone number<br>POA 631-465-5000 |

**1** **Period.** Prepare a separate Form 843 for each tax period or fee year.
From 1/1/2015 to 12/31/15

**2** **Amount** to be refunded or abated:
$ 451,000

**3** **Type of tax or fee.** Indicate the type of tax or fee to be refunded or abated or to which the interest, penalty, or addition to tax is related.

☒ Employment ☐ Estate ☐ Gift ☐ Excise ☐ Income ☐ Fee

**4** **Type of penalty.** If the claim or request involves a penalty, enter the Internal Revenue Code section on which the penalty is based (see instructions). IRC section: IRC 6721 and IRC 6722

**5a** **Interest, penalties, and additions to tax.** Check the box that indicates your reason for the request for refund or abatement. (If none apply, go to line 6.)

☐ Interest was assessed as a result of IRS errors or delays.

☐ A penalty or addition to tax was the result of erroneous written advice from the IRS.

☒ Reasonable cause or other reason allowed under the law (other than erroneous written advice) can be shown for not assessing a penalty or addition to tax.

**b** Date(s) of payment(s) ▶ 4/30/18 & 7/31/18

**6** **Original return.** Indicate the type of fee or return, if any, filed to which the tax, interest, penalty, or addition to tax relates.

☐ 706 ☐ 709 ☒ 940 ☒ 941 ☐ 943 ☐ 945
☐ 990-PF ☐ 1040 ☐ 1120 ☐ 4720 ☒ Other (specify) ▶ W-2/W-3

**7** **Explanation.** Explain why you believe this claim or request should be allowed and show the computation of the amount shown on line 2. If you need more space, attach additional sheets.

See attached statement.

**Signature.** If you are filing Form 843 to request a refund or abatement relating to a joint return, both you and your spouse must sign the claim. Claims filed by corporations must be signed by a corporate officer authorized to sign, and the officer's title must be shown.

Under penalties of perjury, I declare that I have examined this claim, including accompanying schedules and statements, and, to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

| | |
|---|---|
| Signature (Title, if applicable. Claims by corporations must be signed by an officer.) | Date |
| Signature (spouse, if joint return) | Date |

| Paid Preparer Use Only | Print/Type preparer's name<br>Hana M. Boruchov | Preparer's signature | Date<br>7/1/18 | Check ☐ if self-employed | PTIN |
|---|---|---|---|---|---|
| | Firm's name ▶ Tenenbaum Law, P.C. | | | Firm's EIN ▶ | |
| | Firm's address ▶ 534 Broadhollow Road, Ste 301, Melville, NY 11747 | | | Phone no. 631-465-5000g | |

ISA **For Privacy Act and Paperwork Reduction Act Notice, see separate instructions.** Form **843** (Rev. 8-2011)

| Form **2848** | **Power of Attorney** | OMB No. 1545-0150 |
|---|---|---|

Form **2848**
(Rev. January 2018)
Department of the Treasury
Internal Revenue Service

**Power of Attorney and Declaration of Representative**

▶ Go to *www.irs.gov/Form2848* for instructions and the latest information.

OMB No. 1545-0150

For IRS Use Only
Received by
Name _____
Telephone _____
Function _____
Date _____

**Part I    Power of Attorney**

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1    Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Special Touch Home Care Services<br>2091 Coney Island Ave<br>Brooklyn, NY 11223 | ███████████ |
| | Daytime telephone number<br>POA-631-465-5000 | Plan number (if applicable) |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2    Representative(s)** must sign and date this form on page 2, Part II.    *See attached for additional representatives*

| Name and address | CAF No. 2065-35171R |
|---|---|
| Karen J. Tenenbaum, Esq.<br>Tenenbaum Law, P.C.<br>534 Broadhollow Rd, Ste 301 Melville, NY 11747 | PTIN _____<br>Telephone No. 631-465-5000<br>Fax No. 631-465-5003 |
| Check if to be sent copies of notices and communications ☒ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. 0301-90439R |
|---|---|
| Marisa Friedrich, Esq.<br>Tenenbaum Law, P.C.<br>534 Broadhollow Rd, Ste 301 Melville, NY 11747 | PTIN _____<br>Telephone No. 631-465-5000<br>Fax No. 631-465-5003 |
| Check if to be sent copies of notices and communications ☒ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. 0312-97176R |
|---|---|
| Leo Gabovich, Esq.<br>Tenenbaum Law, P.C.<br>534 Broadhollow Rd, Ste 301 Melville, NY 11747 | PTIN _____<br>Telephone No. 631-465-5000<br>Fax No. 631-465-5003 |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. 0312-32643R |
|---|---|
| Hana Boruchov, Esq.<br>Tenenbaum Law, P.C.<br>534 Broadhollow Rd, Ste 301 Melville, NY 11747 | PTIN _____<br>Telephone No. 631-465-5000<br>Fax No. 631-465-5003 |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3    Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| Civil Penalty | | 2015-2016 |
| Civil Penalty | 1099 | 2015-2016 |
| Civil Penalty | W-2 & W-3 | 2015-2016 |

**4    Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Use Not Recorded on CAF . . . . . . . . . . . . . . . . . ▶ ☐

**5a    Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information):  ☐ Access my IRS records via an Intermediate Service Provider;
☐ Authorize disclosure to third parties;    ☐ Substitute or add representative(s);   ☐ Sign a return;

☐ Other acts authorized: _____

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.    Form **2848** (Rev. 1-2018)

ISA

Form **2848**

(Rev. January 2018)
Department of the Treasury
Internal Revenue Service

## Power of Attorney
## and Declaration of Representative

▶ Go to *www.irs.gov/Form2848* for instructions and the latest information.

OMB No. 1545-0150

| For IRS Use Only |
|---|
| Received by: |
| Name |
| Telephone |
| Function |
| Date |

### Part I   Power of Attorney

**Caution:** A separate Form 2848 must be completed for each taxpayer. Form 2848 will not be honored for any purpose other than representation before the IRS.

**1   Taxpayer information.** Taxpayer must sign and date this form on page 2, line 7.

| Taxpayer name and address | Taxpayer identification number(s) |
|---|---|
| Special Touch Home Care Services<br>2091 Coney Island Ave<br>Brooklyn, NY 11223 | ▮▮▮▮▮▮ |
| | Daytime telephone number | Plan number (if applicable) |
| | (POA) 465-5000 | |

hereby appoints the following representative(s) as attorney(s)-in-fact:

**2   Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | CAF No. 0312-70874R |
|---|---|
| Charles Finocchiaro, Esq.<br>Tenenbaum Law, P.C.<br>534 Broadhollow Rd, Ste 301 Melville, NY 11747 | PTIN |
| | Telephone No. 631-465-5000 |
| | Fax No. 631-465-5003 |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No |
|---|---|
| | PTIN |
| | Telephone No. |
| | Fax No. |
| Check if to be sent copies of notices and communications ☐ | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. |
|---|---|
| | PTIN |
| | Telephone No. |
| | Fax No. |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

| Name and address | CAF No. |
|---|---|
| | PTIN |
| | Telephone No. |
| | Fax No. |
| (Note: IRS sends notices and communications to only two representatives.) | Check if new: Address ☐   Telephone No. ☐   Fax No. ☐ |

to represent the taxpayer before the Internal Revenue Service and perform the following acts:

**3   Acts authorized (you are required to complete this line 3).** With the exception of the acts described in line 5b, I authorize my representative(s) to receive and inspect my confidential tax information and to perform acts that I can perform with respect to the tax matters described below. For example, my representative(s) shall have the authority to sign any agreements, consents, or similar documents (see instructions for line 5a for authorizing a representative to sign a return).

| Description of Matter (Income, Employment, Payroll, Excise, Estate, Gift, Whistleblower, Practitioner Discipline, PLR, FOIA, Civil Penalty, Sec. 5000A Shared Responsibility Payment, Sec. 4980H Shared Responsibility Payment, etc.) (see instructions) | Tax Form Number (1040, 941, 720, etc.) (if applicable) | Year(s) or Period(s) (if applicable) (see instructions) |
|---|---|---|
| Civil Penalty | | 2015-2016 |
| Civil Penalty | 1099 | 2015-2016 |
| Civil Penalty | W-2 & W-3 | 2015-2016 |

**4   Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. Specific Use Not Recorded on CAF . . . . . . . . . . . . . . . ▶ ☐

**5a   Additional acts authorized.** In addition to the acts listed on line 3 above, I authorize my representative(s) to perform the following acts (see instructions for line 5a for more information): ☐ Access my IRS records via an Intermediate Service Provider;

☐ Authorize disclosure to third parties;   ☐ Substitute or add representative(s);   ☐ Sign a return;

☐ Other acts authorized:

For Privacy Act and Paperwork Reduction Act Notice, see the instructions.

Form **2848** (Rev. 1-2018)

IS-A

Form 2848 (Rev. 1-2018)

Page **2**

b **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b):

6 **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

7 **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| Signature | Date | Title (if applicable) |
|---|---|---|
| | 1/14/19 | |
| Steven Ostrovsky | | Special Touch Home Care Services |
| Print Name | | Print name of taxpayer from line 1 if other than individual |

## Part II  Declaration of Representative

Under penalties of perjury, by my signature below I declare that:

• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;

• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;

• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and

• I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.

d Officer—a bona fide officer of the taxpayer organization.

e Full-Time Employee—a full-time employee of the taxpayer.

f Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).

g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).

h Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and (4) possesses the required Annual Filing Season Program Record of Completion(s). See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.

k Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.

r Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

**Note:** For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter **(a–r)**. | Licensing jurisdiction (State) or other licensing authority (if applicable). | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | NY | 1935303 | Karen Tenent | 1/17/19 |
| a | NY | 3034238 | Marisa Zwednlei | 1/15/19 |
| a | NY | 5363056 | | 1/18/19 |
| a | NY | 5491022 | | 1/21/19 |

Form **2848** (Rev. 1-2018)

Form 2848 (Rev. 1-2018)

**b** **Specific acts not authorized.** My representative(s) is (are) not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative(s) or any firm or other entity with whom the representative(s) is (are) associated) issued by the government in respect of a federal tax liability.

List any other specific deletions to the acts otherwise authorized in this power of attorney (see instructions for line 5b):

**6** **Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same matters and years or periods covered by this document. If you **do not** want to revoke a prior power of attorney, check here . . . . . . . . . . . . . . . . . . . . . . . . . . ▶ ☐
**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**7** **Signature of taxpayer.** If a tax matter concerns a year in which a joint return was filed, each spouse must file a separate power of attorney even if they are appointing the same representative(s). If signed by a corporate officer, partner, guardian, tax matters partner, partnership representative, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the legal authority to execute this form on behalf of the taxpayer.

▶ **IF NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THIS POWER OF ATTORNEY TO THE TAXPAYER.**

| | | |
|---|---|---|
| Signature | 1/4/19 | Title (if applicable) |
| | Date | |
| Steven Ostrovsky | Special Touch Home Care Services | |
| Print Name | Print name of taxpayer from line 1 if other than individual | |

| Part II | Declaration of Representative |
|---|---|

Under penalties of perjury, by my signature below I declare that:
• I am not currently suspended or disbarred from practice, or ineligible for practice, before the Internal Revenue Service;
• I am subject to regulations contained in Circular 230 (31 CFR, Subtitle A, Part 10), as amended, governing practice before the Internal Revenue Service;
• I am authorized to represent the taxpayer identified in Part I for the matter(s) specified there; and
• I am one of the following:

 **a** Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.
 **b** Certified Public Accountant—a holder of an active license to practice as a certified public accountant in the jurisdiction shown below.
 **c** Enrolled Agent—enrolled as an agent by the Internal Revenue Service per the requirements of Circular 230.
 **d** Officer—a bona fide officer of the taxpayer organization.
 **e** Full-Time Employee—a full-time employee of the taxpayer.
 **f** Family Member—a member of the taxpayer's immediate family (spouse, parent, child, grandparent, grandchild, step-parent, step-child, brother, or sister).
 **g** Enrolled Actuary—enrolled as an actuary **by the** Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Internal Revenue Service is limited by section 10.3(d) of Circular 230).
 **h** Unenrolled Return Preparer—Authority to practice before the IRS is limited. An unenrolled return preparer may represent, provided the preparer (1) prepared and signed the return or claim for refund (or prepared if there is no signature space on the form); (2) was eligible to sign the return or claim for refund; (3) has a valid PTIN; and **(4) possesses** the required Annual Filing Season Program Record of Completion(s). *See Special Rules and Requirements for Unenrolled Return Preparers in the instructions for additional information.*
 **k** Qualifying Student—receives permission to represent taxpayers before the IRS by virtue of his/her status as a law, business, or accounting student working in an LITC or STCP. See instructions for Part II for additional information and requirements.
 **r** Enrolled Retirement Plan Agent—enrolled as a retirement plan agent under the requirements of Circular 230 (the authority to practice before the Internal Revenue Service is limited by section 10.3(e)).

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT COMPLETED, SIGNED, AND DATED, THE IRS WILL RETURN THE POWER OF ATTORNEY. REPRESENTATIVES MUST SIGN IN THE ORDER LISTED IN PART I, LINE 2.**

**Note:** For designations d-f, enter your title, position, or relationship to the taxpayer in the "Licensing jurisdiction" column.

| Designation— Insert above letter (a–r) | Licensing jurisdiction (State) or other licensing authority (if applicable) | Bar, license, certification, registration, or enrollment number (if applicable) | Signature | Date |
|---|---|---|---|---|
| a | NY | 5239256 | | 1/28/2019 |
| | | | | |
| | | | | |
| | | | | |

# Instructions for Form 843



Department of the Treasury
**Internal Revenue Service**

**Defendant Exhibit**
3

## (Rev. August 2011)
Claim for Refund and Request for Abatement

Section references are to the Internal Revenue Code unless otherwise noted.

## What's New

**Claim for refund of branded prescription drug fee.** A covered entity that paid the branded prescription drug fee must file Form 843 to claim a refund. See *Where To File* and *Branded prescription drug fee*.

# General Instructions

## Purpose of Form

Use Form 843 to claim a refund or request an abatement of certain taxes, interest, penalties, fees, and additions to tax.

Do not use Form 843 to request a refund of income tax. Employers cannot use Form 843 to request a refund of Federal Insurance Contributions Act (FICA) tax, Railroad Retirement Tax Act (RRTA) tax, or income tax withholding. Also do not use Form 843 to amend a previously filed income or employment tax return. Do not use Form 843 to claim a refund of agreement fees, offer-in-compromise fees, or lien fees.

**Note.** You cannot use Form 843 to request an abatement of income, estate, or gift taxes. Employers cannot use Form 843 to request abatement of FICA tax, RRTA tax, or income tax withholding.

**Use Form 843 to claim or request the following.**
- A refund of tax, other than a tax for which a different form must be used.
- An abatement of tax, other than income, estate, or gift tax. Employers cannot use Form 843 to request an abatement of FICA tax, RRTA tax, or income tax withholding.
- A refund to an employee of excess social security or RRTA tax withheld by any one employer, but only if your employer will not adjust the overcollection. See the instructions for line 7.
- A refund to an employee of social security or Medicare taxes that were withheld in error, but only if your employer will not adjust the overcollection. See the instructions for Line 7. If you are a nonresident alien, see Pub. 519 for specific instructions.
- A refund of excess tier 2 RRTA tax when you had more than one railroad employer for the year and your total tier 2 RRTA tax withheld or paid for the year was more than the tier 2 limit. See the instructions for line 3.
- A refund or abatement of interest, penalties, or additions to tax, caused by certain IRS errors or delays, or certain erroneous written advice from the IRS.
- A refund or abatement of a penalty or addition to tax due to reasonable cause or other reason (other than erroneous written advice provided by the IRS) allowed under the law.
- A refund of the penalty imposed under section 6715 for misuse of dyed fuel.
- A refund or abatement of tier 1 RRTA tax for an employee representative.
- A refund of a branded prescription drug fee.

 **TIP** *If you received an IRS notice notifying you of a change to an item on your tax return, or that you owe interest, a penalty, or addition to tax, follow the instructions on the notice. You may not have to file Form 843.*

**Do not use Form 843 when you must use a different tax form.**
- Use Form 1040X, Amended U.S. Individual Income Tax Return, to change any amounts reported on Form 1040, 1040A, 1040EZ, 1040NR, or 1040NR-EZ, to change amounts

previously adjusted by the IRS, or to make certain elections after the prescribed deadline (see Regulations sections 301.9100-1 through -3).
- Use Form 8379, Injured Spouse Allocation, to claim your portion of a joint refund used to offset your spouse's past due obligations.
- Individuals, estates, and trusts filing within 1 year after the end of the year in which a claim of right adjustment under section 1341(b)(1), a net operating loss (NOL), a general business credit, or net section 1256 contracts loss arose, can use Form 1045, Application for Tentative Refund, to apply for a refund resulting from any overpayment of tax due to the claim of right adjustment or the carryback of the loss or unused credit. Individuals also can get a refund by filing Form 1040X instead of Form 1045. An estate or trust can file an amended Form 1041, U.S. Income Tax Return for Estates and Trusts.
- Use Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return, to amend a previously filed Form 940. See the Instructions for Form 940.
- Employers must use the tax form that corresponds to the tax return previously filed to make an adjustment or claim a refund or abatement of FICA tax, RRTA tax, or income tax withholding.

| IF you filed... | CORRECT using... |
|---|---|
| Form 941 or Form 941-SS | Form 941-X |
| Form 943 | Form 943-X |
| Form 944 or Form 944-SS | Form 944-X |
| Form 945 | Form 945-X |
| Form CT-1 | Form CT-1 X |
| Formulario 941-PR | Formulario 941-X (PR) |
| Formulario 943-PR | Formulario 943-X (PR) |
| Formulario 944-PR | Formulario 944-X (PR) |
| Formulario 944 (SP) | Formulario 944-X (SP) |

If you filed Schedule H (Form 1040) or Anexo H-PR (Formulario 1040-PR), see Pub. 926, Household Employer's Tax Guide, for how to correct that form.

For more information, see Treasury Decision 9405 at *www.irs. gov/irb/2008-32_IRB/ar13.html.*
- Use Form 1120X, Amended U.S. Corporation Income Tax Return, to correct Form 1120 or 1120-A as originally filed, or as later adjusted by an amended return, a claim for refund, or an examination, or to make certain elections after the prescribed deadline (see Regulations sections 301.9100-1 through -3).
- Use Form 720X, Amended Quarterly Federal Excise Tax Return, to make adjustments to liability reported on Forms 720 you have filed for previous quarters. Do not use Form 720X to make changes to claims made on Schedule C (Form 720), except for the section 4051(d) tire credit and section 6426 fuel credits.
- Use Form 730, Monthly Tax Return for Wagers, to claim a credit or refund of wagering tax.
- Use Form 4136, Credit for Federal Tax Paid on Fuels, to claim a credit against your income tax for certain nontaxable uses (or sales) of fuel during the income tax year. Also, use Form 4136 if you are a producer claiming a credit for alcohol fuel mixtures or biodiesel mixtures. However, you can use Form 8849, Claim for Refund of Excise Taxes, to claim a periodic refund instead of waiting to claim an annual credit on Form 4136.

Cat. No. 11200I

● Use Form 8849, Claim for Refund of Excise Taxes, to claim a refund of excise taxes other than those resulting from adjustments to your reported liabilities. See IRS Pub. 510, Excise Taxes, for the appropriate forms to use to claim excise tax refunds.

● Corporations (other than S corporations) can use Form 1139, Corporation Application for Tentative Refund, to apply for a quick refund of taxes from an overpayment of tax due to a claim of right adjustment under section 1341(b)(1), or the carryback of an NOL, a net capital loss, or an unused general business credit.

## Separate Form Required

Generally, you must file a separate Form 843 for each tax period or fee year or type of tax or fee. There are exceptions for certain claims. See the instructions for line 5.

## Who Can File

You can file Form 843 or your authorized representative can file it for you. If your authorized representative files Form 843, the original or copy of Form 2848, Power of Attorney and Declaration of Representative, must be attached. You must sign Form 2848 and authorize the representative to act on your behalf for the purposes of the request. See the Instructions for Form 2848 for more information.

If you are filing as a legal representative for a decedent whose return you filed, attach to Form 843 a statement that you filed the return and you are still acting as the decedent's representative. If you did not file the decedent's return, attach certified copies of letters testamentary, letters of administration, or similar evidence to show your authority. File Form 1310, Statement of Person Claiming Refund Due a Deceased Taxpayer, with Form 843 if you are the legal representative of a decedent.

## Where To File

| IF you are filing Form 843... | THEN mail the form to... | ALSO include... |
|---|---|---|
| In response to an IRS notice | The address shown in the notice | |
| **Only** to claim a refund of the branded prescription drug fee | Internal Revenue Service Mail Stop 4916 1973 N. Rulon White Blvd. Ogden, UT 84404 **Caution.** Use this address only if you are claiming a refund of the branded prescription drug fee. Otherwise, the processing may be delayed. | A copy of the Form 8947 that provided the basis for the fee as calculated by the IRS, as well as any additional information on the amount to be refunded. You must tell us whether you or anyone else has filed a previous claim for any amount covered by this claim. |
| For any other reason | The service center where you would be required to file a current tax return for the tax to which your claim or request relates. For more information, see the most recent instructions for that tax return. | |

## Penalty for Erroneous Claim for Refund

If you claim an excessive amount of tax refund or credit relating to income tax (other than a claim relating to the earned income credit), you may be liable for a penalty of 20% of the amount determined to be excessive. An excessive amount is the amount of the claim for refund or credit that is more than the amount of claim allowable for the tax year. The penalty may be

waived if you can show that you had a reasonable basis for making the claim.

## Paid Tax Return Preparer

A paid tax return preparer who files Form 843 for you must sign the form and fill in the identifying information at the bottom of the form. The tax preparer must give you a copy of the completed Form 843 for your records.

# Specific Instructions

**Social security number.** Enter your social security number (SSN). If you are filing Form 843 relating to a joint return, enter the SSNs for both you and your spouse.

## Line 1

Enter the tax period for which you are making the claim for refund or request for abatement. If you are requesting a refund of a branded prescription drug fee, enter the fee year on the "From" line.

## Line 3

Check the appropriate box to show the type of tax or fee for which you are claiming a refund or requesting an abatement. If the claim relates to interest, a penalty, or addition to tax, check the box to indicate the type of tax to which the claim or request relates.

 **Do not use Form 843 when another tax form must be used. See Purpose of Form.**

**Excess tier 2 RRTA tax.** Complete lines 1 and 2. On line 3, check the box for "Employment" tax. Skip lines 4, 5, and 6. On line 7, identify the claim as "Excess tier 2 RRTA" and show your computation of the refund. You must also attach copies of your Forms W-2 for the year to Form 843. See the worksheet in Pub. 505, Tax Withholding and Estimated Tax, to help you figure the excess amount.

**Branded prescription drug fee.** On line 1, enter the fee year on the "From" line. Complete line 2. On line 3, check the box for "Fee." Skip lines 4 and 5. On line 6, check the "Other" box and enter "Fee" in the space provided. On line 7, identify the claim as "branded prescription drug fee" and explain why you are claiming a refund. Attach a copy of the Form 8947 that provided the basis for the fee as calculated by the IRS, as well as any additional information on the amount to be refunded. You must tell us whether you or anyone else has filed a previous claim for any amount covered by this claim. Fee claims should not be combined with any other claims.

**Note.** Interest related to the branded prescription drug fee cannot be abated.

## Line 4

If you are requesting a refund or abatement of an assessed penalty, enter the applicable Internal Revenue Code (IRC) section. Generally, you can find the IRC section on the Notice of Assessment you received from the IRS.

## Line 5

### Requesting Abatement or Refund of Interest Due to IRS Error or Delay

The IRS can abate interest if the interest is caused by IRS errors or delays.

The IRS will abate the interest only if there was an unreasonable error or delay in performing a managerial or ministerial act (defined next). The taxpayer cannot have caused any significant aspect of the error or delay. In addition, the interest can be abated only if it relates to taxes for which a notice of deficiency is required. This includes income taxes, generation-skipping transfer taxes, estate and gift taxes, and certain excise taxes. Interest related to employment taxes or

other excise taxes cannot be abated. See Pub. 556, *Examination of Returns, Appeal Rights, and Claims for Refund,* for more information.

**Managerial act.** The term "managerial act" means an administrative act that occurs during the processing of your case involving the temporary or permanent loss of records or the exercise of judgment or discretion relating to management of personnel. A decision regarding the proper application of federal tax law is not a managerial act. See Regulations section 301.6404-2 for more information.

**Ministerial act.** The term "ministerial act" means a procedural or mechanical act that does not involve the exercise of judgment or discretion and that occurs during the processing of your case after all prerequisites of the act, such as conferences and review by supervisors, have taken place. A decision regarding the proper application of federal tax law is not a ministerial act. See Regulations section 301.6404-2 for more information.

#### How To Request an Abatement of Interest

**Abatement of interest on a tax.** Request an abatement of interest on a tax by writing "Request for Abatement of Interest Under Section 6404(e)" at the top of Form 843.

Complete lines 1 through 3. Check the first box on line 5a. On line 5b, show the dates of any payment of interest or tax liability for the tax period involved.

On line 7 state:
- The type of tax involved,
- When you were first notified by the IRS in writing about the deficiency or payment,
- The specific period for which you are requesting abatement of interest,
- The circumstances of your case, and
- The reasons why you believe that failure to abate the interest would result in grossly unfair treatment.

*Multiple tax years or types of tax.* File only one Form 843 if the interest assessment resulted from the IRS's error or delay in performing a single managerial or ministerial act affecting a tax assessment for multiple tax years or types of tax (for example, where 2 or more tax years were under examination). Check the applicable box(es) on line 3 and provide a detailed explanation on line 7.

#### Requesting Abatement or Refund of a Penalty or Addition to Tax as a Result of Written Advice

The IRS can abate or refund any portion of a penalty or addition to tax caused by erroneous advice furnished to you in writing by an officer or employee of the IRS acting in his or her official capacity.

The IRS will abate the penalty or addition to tax only if:
1. You reasonably relied on the written advice,
2. The written advice was in response to a specific written request for advice made by you (or your representative who is allowed to practice before the IRS), and
3. The penalty or addition to tax did not result from your failure to provide the IRS with adequate or accurate information.

#### How To Request an Abatement or Refund of a Penalty or an Addition to Tax as a Result of Written Advice

Request an abatement or refund of a penalty or addition to tax because of erroneous written advice by writing "Request for Abatement of Penalty or Addition to Tax Under Section 6404(f)" at the top of Form 843.

Complete lines 1 through 4. Check the second box on line 5a. On line 5b, enter the date of payment if the penalty or addition to tax has been paid.

You must attach copies of the following information to Form 843.
1. Your written request for advice.
2. The erroneous written advice you relied on that was furnished to you by the IRS.
3. The report, if any, of tax adjustments identifying the penalty or addition to tax, and the item(s) relating to the erroneous advice.

**When to file.** An abatement of any penalty or addition to tax as a result of written advice will be allowed only if:
- You submit the request for abatement within the period allowed for collection of the penalty or addition to tax, or
- You paid the penalty or addition to tax, within the period allowed for claiming a credit or refund of such penalty or addition to tax.

### Line 6

Check the appropriate box to show the type of fee or return, if any, to which your claim or request relates. Check the box labeled "1040" to indicate other individual income tax returns (such as Form 1040A or Form 1040EZ).

 *You can use Form 843 to request a refund or an abatement of interest, penalties, and additions to tax that relate to your income tax return. However, you cannot use Form 843 to request a refund or an abatement of income tax. If you are an employer, you cannot use it to request abatement of FICA tax, RRTA tax, or income tax withholding.*

Check the box labeled "Other" if your claim relates to:
- Form 944, Employer's Annual Federal Tax Return. Enter "944" (or "944-SS") in the space provided.
- Form CT-2, Employee Representative's Quarterly Railroad Tax Return. Enter "CT-2" in the space provided.
- The branded prescription drug fee. Enter "Fee" in the space provided.

### Line 7

Explain in detail your reasons for filing this claim and show your computation for the credit, refund, or abatement. If you attach an additional sheet(s), include your name and SSN or employer identification number (EIN) on it. Also attach appropriate supporting evidence.

**Refund of excess social security taxes.** If you are claiming a refund of excess social security or RRTA tax withheld by one employer, you must, if possible, attach a statement from the employer. The statement should indicate the following.
- The amount, if any, the employer has reimbursed you for excess taxes withheld.
- The amount, if any, of credit or refund claimed by the employer or authorized by you to be claimed by the employer. The employer should include in the statement the fact that it is made in support of your claim for refund of employee tax paid by the employer to the IRS.

If you cannot obtain a statement from the employer, you should attach a statement with the same information to the best of your knowledge and belief and include in the statement an explanation of why you could not obtain a statement from the employer. Attach a copy of your Form W-2 to prove the amount of social security taxes withheld.

**Refund of social security and Medicare tax withheld in error.** The same supporting evidence described above must be provided. If you are a nonresident alien, see Pub. 519 for additional information.

# Instructions for Form 2848

## (Rev. January 2018)

### Power of Attorney and Declaration of Representative

Department of the Treasury
**Internal Revenue Service**

**Defendant Exhibit 4**

Section references are to the Internal Revenue Code unless otherwise noted.

# General Instructions

## Future Developments

For the latest information about developments related to Form 2848 and its instructions, go to *IRS.gov/Form2848*.

## What's New

**Intermediate Service Providers.** A checkbox has been added to line 5a to allow the taxpayer to authorize the designated representative(s) to access the taxpayer's IRS records via an Intermediate Service Provider. See *Authority to access electronic IRS records via Intermediate Service Providers*, later, for more information.

**Partnership representatives.** For partnership tax years beginning after December 31, 2017, the Bipartisan Budget Act of 2015 has eliminated the role "Tax Matters Partner" and replaced it with "Partnership Representative." See *Partnership representative*, later, for more information.

**Representative designations.** The designation of Student Attorney or CPA has been changed to Qualifying Student.

**Authentication alert.** When a representative with a Power of Attorney calls the IRS on your behalf, they must pass authentication procedures prior to the IRS speaking to them about your tax information.

## Purpose of Form

Use Form 2848 to authorize an individual to represent you before the IRS. See *Substitute Form 2848*, later, for information about using a power of attorney other than a Form 2848 to authorize an individual to represent you before the IRS. The individual you authorize must be eligible to practice before the IRS. Form 2848, Part II, Declaration of Representative, lists eligible designations in items (a)-(r). You may authorize a student who works in a qualified Low Income Taxpayer Clinic (LITC) or Student Tax Clinic Program (STCP) to represent you under a special order issued by the Taxpayer Advocate Service. See *Students in LITCs and the STCP* in *Part II. Declaration of Representative*, later. Your authorization of an eligible representative will also allow that individual to request and inspect your confidential tax information.

**Form 8821.** Use Form 8821, Tax Information Authorization, if you want to authorize an individual or organization to request and inspect your confidential tax return information, but do not want to authorize an individual to represent you before the IRS.

**Form 4506-T.** Use Form 4506-T, Request for Transcript of Tax Return, if you want to authorize an individual or organization to request and inspect transcripts of your confidential return information, but do not want to authorize an individual to represent you before the IRS. Third parties often use this form to verify your tax compliance.

**Form 56.** Use Form 56, Notice Concerning Fiduciary Relationship, to notify the IRS of the existence of a fiduciary relationship. A fiduciary (trustee, executor, administrator, receiver, or guardian) stands in the position of a taxpayer and acts as the taxpayer, not as a representative. A fiduciary may authorize an individual to represent or perform certain acts on behalf of the person or entity by filing a power of attorney that names the eligible individual(s) as representative(s) for the person or entity. Because the fiduciary stands in the position of the person or entity, the fiduciary must sign the power of attorney on behalf of the person or entity.

Address information provided on Form 2848 will not change your last known address with the IRS. To change your last known address, use Form 8822, Change of Address, for your home address and Form 8822-B, Change of Address or Responsible Party — Business, to change your business address. Both forms are available at *IRS.gov*.

## Where To File Chart

| IF you live in... | THEN use this address... | Fax number* |
|---|---|---|
| Alabama, Arkansas, Connecticut, Delaware, District of Columbia, Florida, Georgia, Illinois, Indiana, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Mississippi, New Hampshire, New Jersey, New York, North Carolina, Ohio, Pennsylvania, Rhode Island, South Carolina, Tennessee, Vermont, Virginia, or West Virginia | Internal Revenue Service 5333 Getwell Road Stop 8423 Memphis, TN 38118 | 855-214-7519 |
| Alaska, Arizona, California, Colorado, Hawaii, Idaho, Iowa, Kansas, Minnesota, Missouri, Montana, Nebraska, Nevada, New Mexico, North Dakota, Oklahoma, Oregon, South Dakota, Texas, Utah, Washington, Wisconsin, or Wyoming | Internal Revenue Service 1973 Rulon White Blvd., MS 6737 Ogden, UT 84201 | 855-214-7522 |
| All APO and FPO addresses, American Samoa, nonpermanent residents of Guam or the U.S. Virgin Islands**, Puerto Rico (or if excluding income under Internal Revenue Code section 933), a foreign country: U.S. citizens and those filing Form 2555, 2555-EZ, or 4563. | Internal Revenue Service International CAF Team 2970 Market Street MS: 4-H14.123. Philadelphia, PA 19104 | 855-772-3156 304-707-9785 (Outside the United States) |

\* These numbers may change without notice. For updates, go to *IRS.gov/Form2848* and search under "Recent Developments."

\*\*Permanent residents of Guam should use Guam Department of Revenue and Taxation, P.O. Box 23607, GMF, GU 96921; permanent residents of the U.S. Virgin Islands should use V.I. Bureau of Internal Revenue, 6115 Estate Smith Bay, Suite 225, St. Thomas, V.I. 00802.

Cat. No. 11981U


*Authorizing someone to represent you does not relieve you of your tax obligations.*

## Where To File

**If you check the box on line 4, mail or fax Form 2848 to the IRS office handling the specific matter.**

Otherwise, mail or fax Form 2848 directly to the IRS address according to the Where To File Chart.

## Authority Granted

Except as specified below or in other IRS guidance, this power of attorney authorizes the listed representative(s) to request and inspect confidential tax information and to perform all acts (that is, sign agreements, consents, waivers or other documents) that you can perform with respect to matters described in the power of attorney. Representatives are not authorized to endorse or otherwise negotiate any check (including directing or accepting payment by any means, electronic or otherwise, into an account owned or controlled by the representative or any firm or other entity with whom the representative is associated) issued by the government in respect of a federal tax liability. Additionally, unless specifically provided in the power of attorney, this authorization does not include the power to substitute or add another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See *Line 5a. Additional Acts Authorized*, later, for more information regarding specific authorities.

**Note.** The power to sign tax returns may only be granted in limited situations. See *Line 5a. Additional Acts Authorized*, later, for more information.

### Special Rules and Requirements for Unenrolled Return Preparers

An unenrolled return preparer is an individual other than an attorney, CPA, enrolled agent, enrolled retirement plan agent, or enrolled actuary who prepares and signs a taxpayer's return as the paid preparer, or who prepares a return but is not required (by the instructions to the return or regulations) to sign the return.

**Limited representation rights.** Unenrolled return preparers may only represent taxpayers before revenue agents, customer service representatives, or similar officers and employees of the Internal Revenue Service (including the Taxpayer Advocate Service) during an examination of the taxable period covered by the tax return they prepared and signed (or prepared if there is no signature space on the form). Unenrolled return preparers cannot represent taxpayers, regardless of the circumstances requiring representation, before appeals officers, revenue officers, attorneys from the Office of Chief Counsel, or similar officers or employees of the Internal Revenue Service or the Department of Treasury. Unenrolled return preparers cannot execute closing agreements, extend the statutory period for tax assessments or collection of tax, execute waivers, execute claims for refund, or sign any document on behalf of a taxpayer.

**Representation requirements.** Unenrolled return preparers must possess a valid and active Preparer Tax Identification Number (PTIN) to represent a taxpayer before the IRS, and must have been eligible to sign the return or claim for refund under examination.

For returns prepared and signed after December 31, 2015, the unenrolled return preparer must also possess (1) a valid Annual Filing Season Program Record of Completion for the calendar year in which the tax return or claim for refund was prepared and signed; and (2) a valid Annual Filing Season Program Record of Completion for the year or years in which the representation occurs. (An Annual Filing Season Program Record of Completion is not required for returns prepared and signed before January 1, 2016).

If an unenrolled return preparer does not meet all of the representation requirements, you may authorize the unenrolled return preparer to inspect and/or request your tax information by filing a Form 8821. Filing a Form 8821 will not authorize the unenrolled return preparer to represent you.

For more information about the IRS Annual Filing Season Program, go to *IRS.gov/Tax-Professionals/Annual-Filing-Season-Program*. Also see Pub. 947, Practice Before the IRS and Power of Attorney.

## Revocation of Power of Attorney/ Withdrawal of Representative

**Revocation by taxpayer.** If you want to revoke a previously executed power of attorney and do not want to name a new representative, you must write "REVOKE" across the top of the first page with a current signature and date below this annotation. Then, you must mail or fax a copy of the power of attorney with the revocation annotation to the IRS, using the Where To File Chart, or if the power of attorney is for a specific matter, to the IRS office handling the matter.

If you do not have a copy of the power of attorney you want to revoke, you must send the IRS a statement of revocation that indicates the authority of the power of attorney is revoked, lists the matters and years/periods, and lists the name and address of each recognized representative whose authority is revoked. You must sign and date this statement. If you are completely revoking authority, write "remove all years/periods" instead of listing the specific matters and years/periods.

**Withdrawal by representative.** If your representative wants to withdraw from representation, he or she must write "WITHDRAW" across the top of the first page of the power of attorney with a current signature and date below the annotation. Then, he or she must provide a copy of the power of attorney with the withdrawal annotation to the IRS in the same manner described in *Revocation by taxpayer* above.

If your representative does not have a copy of the power of attorney he or she wants to withdraw, he or she must send the IRS a statement of withdrawal that indicates the authority of the power of attorney is withdrawn, lists the matters and years/periods, and lists the name, TIN, and address (if known) of the taxpayer. The representative must sign and date this statement.

## Substitute Form 2848

The IRS will accept a power of attorney other than Form 2848 provided the document satisfies the requirements for a power of attorney. See Pub. 216, Conference and Practice Requirements, section 601.503(a). These alternative powers of attorney cannot, however, be recorded on the CAF unless you attach a completed Form 2848. See *Line 4. Specific Use Not Recorded on CAF*, later, for more information. You are not required to sign Form 2848 when you attach it to an alternative power of attorney that you have signed, but your representative must sign the form in Part II, Declaration of Representative. See Pub. 216, Conference and Practice Requirements, section 601.503(b)(2).

For more information, see *Non-IRS powers of attorney* under *When Is a Power of Attorney Required?* in Pub. 947.

## Representative Address Change

If the representative's address has changed, the IRS does not require a new Form 2848. The representative can send a written notification that includes the new information and the representative's signature to the location where you filed the Form 2848.

## Additional Information

For additional information concerning practice before the IRS, see:
• Treasury Department Circular No. 230, Regulations Governing Practice before the Internal Revenue Service (Circular 230), and
• Pub. 216, Conference and Practice Requirements.
For general information about taxpayer rights, see Pub. 1, Your Rights as a Taxpayer, or visit *IRS.gov/TBOR*.

Low Income Taxpayer Clinics (LITC) assist low income individuals who qualify and have a tax dispute with the IRS. For a list of clinics, see Publication 4134, Low Income Taxpayer Clinic List. For more information and guidelines, visit *TaxpayerAdvocate.IRS.gov/LITC*.

# Specific Instructions

## Part I. Power of Attorney

### Line 1. Taxpayer Information

Enter the information requested about you. Do not enter information about any other person, including your spouse, except as stated in the specific instructions below.

Address information provided on Form 2848 will not change your last known address with the IRS. To change your last known address, use Form 8822 for your home address and Form 8822-B to change your business address.

**Individuals.** Enter your name, social security number (SSN), individual taxpayer identification number (ITIN), and/or employer identification number (EIN), if applicable, and your street address or post office box. Do not enter your representative's address or post office box. If you file a tax return that includes a sole proprietorship business (Form 1040 (Schedule C)) and you are authorizing the listed representative(s) to represent you for your individual and business tax matters, including employment tax liabilities, enter both your SSN (or ITIN) and your business EIN as your taxpayer identification numbers. If you, your spouse, or former spouse are submitting powers of attorney in connection with a return that you filed, you must each submit separate Forms 2848 even if you are authorizing the same representative(s) to represent you.

**Corporations, partnerships, or associations.** Enter the name, EIN, and business address. If you are preparing this form for corporations filing a consolidated tax return (Form 1120) and the representation concerns matters related to the consolidated return, do not attach a list of subsidiaries to this form. Only the parent corporation information is required on line 1. Also, for line 3 list only Form 1120 in the "Tax Form Number" column. A subsidiary must file its own Form 2848 for returns that must be filed separately from the consolidated return, such as Form 720, Quarterly Federal Excise Tax Return; Form 940, Employer's Annual Federal Unemployment (FUTA) Tax Return; and Form 941, Employer's QUARTERLY Federal Tax Return.

**Exempt organizations.** Enter the name, address, and EIN of the exempt organization.

**Trusts.** Enter the name, title, and address of the trustee, and the name and EIN of the trust.

**Deceased individuals.** For Form 1040, enter the name and SSN (or ITIN) of the decedent as well as the name, title, and address of the decedent's executor or personal representative.

**Estates.** Enter the name of the decedent as well as the name, title, and address of the decedent's executor or personal representative. For Forms 706, enter the decedent's SSN (or ITIN) for the taxpayer identification number. For all other IRS forms, enter the estate's EIN for the taxpayer identification number, or, if the estate does not have an EIN, enter the decedent's SSN (or ITIN).

**Gifts.** Enter the name, address, and SSN (or ITIN) of the donor.

**Employee plans.** Enter the name, address, and EIN or SSN of the plan sponsor. Also, enter the three-digit plan number. If the plan's trust is under examination, see *Trusts* above. If both the plan and trust are authorizing the same representative, separate Forms 2848 are required.

### Line 2. Representative(s)

Enter the full name and mailing address of your representative(s). You may only name individuals who are eligible to practice before the IRS as representatives. Use the identical full name on all submissions and correspondence. If you want to name more than four representatives, write "See attached for additional representatives," in the space to the right of line 2 and attach an additional Form(s) 2848.

If you want to authorize your representative to receive copies of all notices and communications sent to you by the IRS, you must

check the box that is provided under the representative's name and address. **No more than two representatives may receive copies of notices and communications sent to you by the IRS.** Do not check the box if you do not want copies of notices and communications sent to your representative(s).

**Note.** Representatives will not receive forms, publications, and other related materials with the correspondence.

Enter the nine-digit CAF number for each representative. If the IRS has not assigned a CAF number to the representative, enter "None," and the IRS will issue one directly to the representative. The CAF number is a unique nine-digit identification number (not the SSN, EIN, PTIN, or enrollment card number) that the IRS assigns to representatives. The CAF number is not an indication of authority to practice. The representative should use the assigned CAF number on all future powers of attorney. The IRS will not assign CAF numbers for employee plan status determinations or exempt organization application requests.

Enter the PTIN, if applicable, for each representative. If the IRS has not assigned a PTIN, but the representative has applied for one, write "applied for" on the line. Unenrolled return preparers must possess a valid PTIN to represent a taxpayer before the IRS.

Check the appropriate box to indicate if the representative's address, telephone number, or fax number is new since the IRS issued the CAF number.

The postemployment restrictions contained in 18 U.S.C. 207 and in Circular 230, section 10.25, apply to a representative who is a former employee of the federal government. The Treasury Inspector General for Tax Administration may enforce criminal penalties for violations of the restrictions, and the Office of Professional Responsibility may take disciplinary action against the practitioner.

**Students in LITCs and the STCP.** You must list the lead attorney or CPA as a representative. List the lead attorney or CPA first on line 2, then the student on the next line. Also see *Part II. Declaration of Representative*, later.

### Line 3. Acts Authorized

In order for the power of attorney to be valid, you must enter the description of the matter, the tax form number (where applicable), and the year(s) or period(s) (where applicable). For example, you may list "Income, 1040" for calendar year "2015" and "Excise, 720" for "2015" (this entry covers all quarters in 2015). You may list consecutive multiple years or a series of inclusive periods, including quarterly periods, by using "through," "thru," or a hyphen. For example, "2014 thru 2016" or "2nd 2015 - 3rd 2016." For fiscal years, enter the ending year and month, using the YYYYMM format. Do not use a general reference such as "All years," "All periods," or "All taxes." The IRS will return any power of attorney with a general reference. Representation only applies for the years or periods listed on line 3. List on line 3 only tax forms directly related to the taxpayer listed on line 1.

You may list the current year/period and any tax years or periods that have already ended as of the date you sign the power of attorney. You may also list future tax years or periods. **However, the IRS will not record on the CAF system future tax years or periods listed that exceed 3 years from December 31 of the year that the IRS receives the power of attorney.** You must enter the description of the matter, the tax form number, and the future year(s) or period(s). If the matter relates to estate tax, enter the date of the decedent's death instead of the year or period. If the matter relates to an employee plan, include the plan number in the description of the matter.

If the matter is not a tax matter, or if the tax form number or years or periods do not apply to the matter (for example, representation for a penalty or filing a ruling request or a determination letter, or Application for Award for Original Information under section 7623, Closing Agreement on Final Determination Covering Specific Classification Settlement Program (CSP), Form 8952, Application for Voluntary Classification Settlement Program (VCSP), or FOIA), specifically describe the matter to which the power of attorney

pertains (including, if applicable, the name of the employee benefit plan) and enter "Not Applicable" in the appropriate column(s).

***Centralized Partnership Audit Regime.*** For powers of attorney related to the centralized partnership audit regime, enter "Centralized Partnership Audit Regime" in the "Description of Matter" column on line 3, then enter the form (Form 1065) and tax year in the appropriate column(s).

Partnerships under the centralized partnership audit regime are required to designate a partnership representative for each tax year, therefore, it is recommended that a separate Form 2848 be completed for each tax year.

**Note.** A Form 2848 for a future year **will not be allowed** since a partnership representative would not have been designated yet in a filed Form 1065.

**Civil penalty representation (including the trust fund recovery penalty) and representation for certain healthcare-related payments.** Unless you specifically provide otherwise on line 5b, your authorization of tax matters on line 3 includes representation for penalties, payments, and interest related to a specific tax return. However, if the penalty or payment is not related to a return, you must enter "Civil Penalty," "Section 4980H Shared Responsibility Payment," or otherwise describe the specific penalty or payment for which you are authorizing representation in the "Description of Matter" column on line 3.

***Example 1.*** Joann prepares Form 2848 authorizing Margaret to represent her before the IRS in connection with the examination of her 2016 and 2017 Forms 1040. Margaret is authorized to represent Joann with respect to the accuracy-related penalty and the Section 5000A shared responsibility payment that the revenue agent is proposing for the 2016 tax year.

***Example 2.*** Diana authorizes John to represent her in connection with her Forms 941 and W-2 for 2015. John is authorized to represent her in connection with the penalty for failure to file Forms W-2 that the revenue agent is proposing for 2015.

***Example 3.*** Diana only authorizes John to represent her in connection with her Form 1040 for 2015. John is not authorized to represent Diana when the revenue agent proposes a trust fund recovery penalty against her in connection with the employment taxes owed by her closely-held corporation.

If you are authorizing your representative to represent you *only with respect to penalties and interest due on the penalties*, enter "Civil Penalty" in the "Description of Matter" column and the year(s) or period(s) to which the penalty applies in the "Year(s) or Period(s)" column. Enter "Not Applicable" in the "Tax Form Number" column. You do not have to enter the specific penalty.

**Note.** If the taxpayer is subject to penalties related to an individual retirement account (IRA) (for example, a penalty for excess contributions), enter "IRA Civil Penalty" on line 3.

## Line 4. Specific Use Not Recorded on CAF

Generally, the IRS records powers of attorney on the CAF system. The CAF system is a computer file system containing information regarding the authority of individuals appointed under powers of attorney. The system gives IRS personnel quicker access to authorization information without requesting the original document from the taxpayer or representative. However, a specific-use power of attorney is a one-time or specific-issue grant of authority to a representative or is a power of attorney that does not relate to a specific tax period (except for civil penalties) that the IRS does not record on the CAF. Examples of specific uses not recorded include but are not limited to the following:

• Requests for a private letter ruling or technical advice,
• Applications for an EIN,
• Claims filed on Form 843, Claim for Refund and Request for Abatement,
• Corporate dissolutions,
• Circular 230 Disciplinary Investigations and Proceedings,
• Requests to change accounting methods or periods,
• Applications for recognition of exemption under sections 501(c)(3), 501(a), or 521 (Forms 1023, 1024, or 1028),
• Request for a determination of the qualified status of an employee benefit plan (Forms 5300, 5307, 5316, or 5310),

• Applications for an ITIN filed on Form W-7, Application for IRS Individual Taxpayer Identification Number,
• Applications for an exemption from self-employment tax filed on Form 4361, Application for Exemption From Self-Employment Tax for Use by Ministers, Members of Religious Orders and Christian Science Practitioners,
• Application for Award for Original Information under section 7623,
• Voluntary submissions under the Employee Plans Compliance Resolution System (EPCRS), and
• Freedom of Information Act (FOIA) requests.

Check the box on line 4 if the power of attorney is for a specific use or issue that the IRS will not record on the CAF. If you check the box on line 4, the representative should mail or fax the power of attorney to the IRS office handling the matter. Otherwise, the representative should bring a copy of the power of attorney to each meeting with the IRS.

A specific-use power of attorney will not revoke any prior powers of attorney recorded on the CAF or provided to the IRS in connection with an unrelated specific matter.

## Line 5a. Additional Acts Authorized

Use line 5a to modify the acts that your named representative(s) can perform. Check the box for the additional acts authorized and provide details in the space provided (if applicable).

**Authority to access electronic IRS records via Intermediate Service Providers.** Your representative is not authorized to use an Intermediate Service Provider to retrieve your confidential tax information indirectly from the IRS ***unless you check the box on line 5a***. If you do not authorize the use of an Intermediate Service Provider, your representative can obtain your tax information directly from the IRS by using the IRS e-Services Transcript Delivery System.

Intermediate Service Providers are privately owned companies that offer subscriptions to their software and/or services that your authorized representative can use to retrieve, store, and display your tax return data (personal or business) instead of your representative obtaining your tax information directly from the IRS through the IRS e-Services Transcript Delivery System. Intermediate Service Providers are independent of, and not affiliated in any way with, the IRS, and the IRS has no involvement in your representative's **choice** to obtain your tax information directly from the IRS or use an Intermediate Service Provider to indirectly obtain your tax information from the IRS.

**Substituting or adding a representative.** Your representative cannot substitute or add another representative unless you provide your written permission or specifically delegate this authority to your representative by checking the box on line 5a. If authorized, your representative can send in a new Form 2848 to substitute or add another representative(s). Your representative must sign the new Form 2848 on your behalf, and submit it to the appropriate IRS office with a copy of your written permission or the original Form 2848 that delegated the authority to substitute or add another representative.

**Disclosure of returns to a third party.** A representative cannot execute consents that will allow the IRS to disclose your tax return or return information to a third party unless you specifically delegate this authority to the representative by checking the box on line 5a.

**Authority to sign your return.** Treasury Regulation section 1.6012-1(a)(5) permits another person to sign an income tax return for you only in the following circumstances:
(a) Disease or injury,
(b) Continuous absence from the United States (including absence from Puerto Rico) for a period of at least 60 days prior to the date required by law for filing the return, or
(c) Specific permission is requested of and granted by the IRS for other good cause.
The IRS may grant authority to sign your income tax return to (1) your representative or (2) an agent (a person other than your representative).

***Authorizing your representative.*** Check the box on line 5a authorizing your representative to sign your income tax return and include the following statement on the lines provided: "This power of

**Instructions for Form 2848 (Rev. 1-2018)**

attorney is being filed pursuant to 26 CFR 1.6012-1(a)(5), which requires a power of attorney to be attached to a return if a return is signed by an agent by reason of *[enter the specific reason listed under (a), (b), or (c) under* Authority to sign your return *above]*."

**Authorizing an agent.** To authorize an agent who is not your representative, you must do all four of the following:

1. Complete lines 1-3.

2. Check the box on line 4.

3. Check the box on line 5a titled "Sign a return" and write the following statement on the lines provided:

"This power of attorney is being filed pursuant to 26 CFR 1.6012-1(a)(5), which requires a power of attorney to be attached to a return if a return is signed by an agent by reason of *[enter the specific reason listed under (a), (b), or (c) under* Authority to sign your return *above]*. No other acts on behalf of the taxpayer are authorized."

4. Sign and date the form. If your agent e-files your return, he or she should attach Form 2848 to Form 8453, U.S. Individual Income Tax Transmittal for an IRS *e-file* Return, and mail it to the address listed in the instructions for Form 8453. If your agent files a paper return, he or she should attach Form 2848 to your return. See *Line 7. Signature of Taxpayer*, later, for more information on signatures. The agent does not complete Part II of Form 2848.

**Other.** List any other acts you want your representative to be able to perform on your behalf.

 *For partnership tax years beginning after December 31, 2017, the Bipartisan Budget Act of 2015, which repealed the TEFRA partnership audit and litigation procedures and the rules applicable to electing large partnerships and replaced them with a new centralized partnership audit regime, has eliminated the role of "tax matters partner" and replaced it with "partnership representative." Pursuant to Treasury Regulation section 301.9100-22T, certain partnerships can elect to have the new regime apply to partnership returns for tax years beginning after November 2, 2015, and before January 1, 2018.*

**Tax matters partner.** For partnership tax years ending prior to January 1, 2018, the tax matters partner (TMP) is authorized to perform various acts on behalf of the partnership. The following are examples of acts the TMP cannot delegate to the representative:
• Binding nonnotice partners to a settlement agreement under section 6224 (as in effect on December 31, 2017, prior to repeal) and, under certain circumstances, binding all partners to a settlement agreement under Tax Court Rule 248; and
• Filing a request for administrative adjustment on behalf of the partnership under section 6227.

**Partnership representative.** For tax years beginning after December 31, 2017, unless the partnership is an eligible partnership that has elected out of the centralized partnership audit regime, the partnership is required to designate a partnership representative. The partnership representative (as defined in section 6223(a)) has the sole authority to act on behalf of the partnership under the centralized partnership audit regime. This authority includes agreeing to settlements and notices of final partnership adjustment, making elections under section 6226, and agreeing to an extension of the period for adjustments under section 6235. The partnership representative does not have to be a partner; however, his actions will bind the partnership and all partners of such partnership in dealings with the IRS under the centralized partnership audit regime.

## Line 5b. Specific Acts Not Authorized

List the act or acts you do not want your representative(s) to perform on your behalf.

## Line 6. Retention/Revocation of Prior Power(s) of Attorney

If the IRS records this power of attorney on the CAF system, it generally will revoke any earlier power of attorney previously recorded on the system for the same matter. If this power of attorney is for a specific use or is not recorded on the CAF, this power of

attorney will only revoke an earlier power of attorney that is on file with the same office and for the same matters.

**Example.** You previously provided the IRS Office of Chief Counsel with a power of attorney authorizing Attorney A to represent you in a Private Letter Ruling (PLR) matter. Now, several months later you decide you want to have Attorney B handle this matter for you. By providing the IRS Office of Chief Counsel with a power of attorney designating Attorney B to handle the same PLR matter, you are revoking the earlier power of attorney authorizing Attorney A to represent you.

If you do not want to revoke any existing power(s) of attorney, check the box on line 6 and attach a copy of the power(s) of attorney. Filing Form 2848 will not revoke any Form 8821 that is in effect.

## Line 7. Signature of Taxpayer

**Individuals.** You must sign and date the power of attorney. If you filed a joint return, your spouse must execute his or her own power of attorney on a separate Form 2848 to designate a representative. For taxpayer individuals that are under 18 years of age and cannot sign, the individual's parent or court-appointed guardian (with court documents) may sign on their behalf. Other individuals may sign for the taxpayer if they have a Form 2848 that has been signed by the parent or court-appointed guardian authorizing them to sign on behalf of the taxpayer individual.

**Corporations or associations.** An officer with the legal authority to bind the corporation or association must sign and enter his or her exact title.

**Partnerships.** All partners must sign and enter their exact titles. If one partner is authorized to act in the name of the partnership, only that partner is required to sign and enter his or her title. A partner is authorized to act in the name of the partnership if, under state law, the partner has authority to bind the partnership. A copy of such authorization must be attached. For purposes of executing Form 2848 in the case of a TEFRA partnership audit, the TMP has authority to act in the name of the partnership and may sign the Form 2848. However, see *Tax matters partner*, earlier. For matters related to the centralized partnership audit regime, the partnership representative must sign the Form 2848. For dissolved partnerships, see 26 CFR 601.503(c)(6).

**Estates.** If there is more than one executor, only one co-executor having the authority to bind the estate is required to sign. See 26 CFR 601.503(d).

**Employee plans.** If the plan is listed as the taxpayer on line 1, a duly authorized individual with the authority to bind the plan must sign and enter that individual's exact title. If the trust is the taxpayer listed on line 1, a trustee having the authority to bind the trust must sign with the title of trustee entered. Complete and attach Form 56, Notice Concerning Fiduciary Relationship, to identify the current trustee.

**All others.** If the taxpayer is a dissolved corporation, deceased individual, insolvent, or a person for whom or by whom a fiduciary (a trustee, guarantor, receiver, executor, or administrator) has been appointed, see 26 CFR 601.503(d).

**Note.** Generally, the taxpayer signs first, granting the authority and then the representative signs, accepting the authority granted. In this situation, for domestic authorizations, the representative must sign within 45 days from the date the taxpayer signed (60 days for authorizations from taxpayers residing abroad).

If the representative signs first, the taxpayer does not have a required time limit for signing.

# Part II. Declaration of Representative

The representative(s) you name must sign and date this declaration and enter the designation (for example, items a–r) under which he or she is authorized to practice before the IRS. Representatives must sign in the order listed in line 2. In addition, the representative(s) must list the following in the "Licensing jurisdiction (State) or other licensing authority" and "Bar, license, certification, registration, or enrollment number" columns unless noted otherwise:

**a** Attorney—Enter the two-letter abbreviation for the state (for example, "NY" for New York) in which admitted to practice and associated bar or license number, if any.

**b** Certified Public Accountant—Enter the two-letter abbreviation for the state (for example, "CA" for California) in which licensed to practice and associated certification or license number, if any.

**c** Enrolled Agent—Enter the enrollment card number in the block provided.

**d** Officer—Enter the title of the officer (for example, President, Vice President, or Secretary).

**e** Full-Time Employee—Enter title or position (for example, Comptroller or Accountant).

**f** Family Member—Enter the relationship to the taxpayer (must be a spouse, parent, child, brother, sister, grandparent, grandchild, step-parent, step-child, step-brother, or step-sister).

**g** Enrolled Actuary—Enter the enrollment card number issued by the Joint Board for the Enrollment of Actuaries.

**h** Unenrolled Return Preparer—Enter your PTIN.

**k** Qualifying Student—Enter "LITC" or "STCP."

**r** Enrolled Retirement Plan Agent—Enter the enrollment number issued by the Return Preparer Office.

**Students in LITCs and the STCP.** You must receive permission to represent taxpayers before the IRS by virtue of your status as a law, business, or accounting student working in a Low Income Taxpayer Clinic or the Student Tax Clinic Program under section 10.7(d) of Circular 230. Be sure to attach a copy of the letter from the Taxpayer Advocate Service authorizing practice before the IRS.

**Note.** Students who have been granted the ability to practice by a special appearance authorization under section 10.7(d) of Circular 230 may, subject to any limitations set forth in the letter from the Taxpayer Advocate Service, fully represent taxpayers before any IRS office and are eligible to perform any and all acts listed on a properly executed Form 2848.

For each separate representation, at the end of 130 days after the taxpayer's signature date, the CAF will automatically purge the student practitioner as the taxpayer's representative.

 *Any individual may represent an individual or entity before personnel of the IRS when such representation occurs outside the United States. Individuals acting as representatives must sign and date the declaration; leave the "Licensing jurisdiction (State) or other licensing authority" column blank. See section 10.7(c)(1)(vii) of Circular 230.*

**Representative's powers of attorney recorded on the CAF.** Representatives may receive a list of their powers of attorney recorded on the CAF by following the instructions for submitting requests at *IRS.gov/FOIA* by clicking the link "Routine access to IRS Records," and then clicking the link "CAF Client Listing Request."

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws. Form 2848 is provided by the IRS for your convenience and its use is voluntary. If you choose to designate a representative to act on your behalf, you must provide the requested information. Section 6109 requires you to provide your identifying number; section 7803 authorizes us to collect the other information. We use this information to properly identify you and your designated representative and determine the extent of the representative's authority. Failure to provide the information requested may delay or prevent honoring your Power of Attorney designation.

The IRS may provide this information to the Department of Justice for civil and criminal litigation, and to cities, states, the District of Columbia, and U.S. possessions to carry out their tax laws. We may also disclose this information to other countries under a tax treaty, to federal and state agencies to enforce federal nontax criminal laws, or to federal law enforcement and intelligence agencies to combat terrorism.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law.

The time needed to complete and file Form 2848 will vary depending on individual circumstances. The estimated average time is: **Recordkeeping,** 11 min.; **Learning about the law or the form,** 53 min.; **Preparing the form,** 77 min.; **Copying and sending the form to the IRS,** 58 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making Form 2848 simpler, we would be happy to hear from you. You can send us your comments from *IRS.gov/FormComments*. Or you can send your comments to the Internal Revenue Service, Tax Forms and Publications, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send Form 2848 to this office. Instead, see *Where To File,* earlier.

# Requesting Net Interest Rate of Zero on Overlapping Tax Underpayments and Overpayments

If you have paid or are liable for interest on a tax underpayment and have received or are due interest on a tax overpayment for the same period of time, you can request that the IRS compute the interest using the net interest rate of zero.

## How To Request a Net Interest Rate of Zero

You can request a net interest rate of zero by writing on top of Form 843 "Request for Net Interest Rate of Zero under Rev. Proc. 2000-26." You must provide documentation to substantiate that you are the taxpayer entitled to receive the interest due on the overpayment.

Leave line 1 blank. You can enter a dollar amount on line 2 or leave it blank. Complete line 3 to indicate the type of tax. More than one box can be checked.

Do not complete lines 4 and 5. Complete line 6 to indicate the type of return filed. More than one box can be checked.

On line 7, provide all of the following information.

1. The tax periods for which you overpaid and underpaid your tax liability.

2. When you paid the tax underpayment.

3. When you received your tax refund.

4. The periods that your overpayment and underpayment overlapped and the overlapping amount.

5. A computation, to the extent possible, of the amount of interest to be credited, refunded, or abated.

6. If your claim involves more than one tax identification number, please describe the relationship between each of the parties listed in the claim during the overlapping period(s).

**Privacy Act and Paperwork Reduction Act Notice.** We ask for the information on this form to carry out the Internal Revenue laws of the United States. Sections 6402 and 6404 state the conditions under which you may file a claim for refund and request for abatement of certain taxes, penalties, and interest. Form 843 may be used to file your claim. Section 6109 requires that you disclose your taxpayer identification number

(TIN). Routine uses of this information include providing it to the Department of Justice for civil and criminal litigation and to cities, states, U.S. commonwealths or possessions and territories, and the District of Columbia for use in administering their tax laws. We may also give this information to Federal and state agencies to enforce Federal nontax criminal laws and to combat terrorism. You are not required to claim a refund or request an abatement; however, if you choose to do so you are required to provide the information requested on this form. Failure to provide all of the requested information may delay or prevent processing your claim or request; providing false or fraudulent information may subject you to civil or criminal penalties.

You are not required to provide the information requested on a form that is subject to the Paperwork Reduction Act unless the form displays a valid OMB control number. Books or records relating to a form or its instructions must be retained as long as their contents may become material in the administration of any Internal Revenue law. Generally, tax returns and return information are confidential, as required by section 6103.

The time needed to complete and file this form will vary depending on individual circumstances. The estimated average time is:

**Recordkeeping** . . . . . . . . . . . . . . . . . . . . . . .  26 min.
**Learning about the law or the form** . . . . . . . .  20 min.
**Preparing the form** . . . . . . . . . . . . . . . . . . . .  28 min.
**Copying, assembling, and sending the form to the IRS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  20 min.

If you have comments concerning the accuracy of these time estimates or suggestions for making this form simpler, we would be happy to hear from you. You can write to the Internal Revenue Service, Tax Products Coordinating Committee, SE:W:CAR:MP:T:T:SP, 1111 Constitution Ave. NW, IR-6526, Washington, DC 20224. Do not send the form to this address. Instead, see *Where To File*.