UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
SPECIAL TOUCH HOME CARE SERVICES, INC.,     Docket No.: 20-cv-03051-NGG-RLM

                Plaintiff,

    -against-

UNITED STATES OF AMERICA,

                Defendant.
-------------------------------------------------------------------X


**PLAINTIFF SPECIAL TOUCH HOME CARE SERVICES, INC'S
MEMORANDUM IN OPPOSITION TO DEFENDANT UNITED STATES' MOTION TO
DISMISS**

1

## PRELIMINARY STATEMENT

Plaintiff, Special Touch Home Care Services, Inc. ("Plaintiff"), commenced this action against Defendant United States of America ("Defendant") pursuant to 26 U.S. C. § 7422 seeking a refund of federal tax penalty that was erroneously or illegally collected by Defendant and the refund of which was erroneously or illegally denied by Defendant.

Defendant filed a motion to dismiss on the grounds that this Court lacks subject-matter jurisdiction over Plaintiff's complaint.

## FACTS

The facts relevant to this motion can be summarized as follows:

1. On or about July 2017, the IRS proposed to assess a Civil Penalty for the tax period ending December 31, 2015 against The Plaintiff, Special Touch Home Care Services. Inc.  In response, on or about November 2017, the Plaintiff submitted a written and signed request for an abatement of the proposed Civil Penalty (Plaintiff's Exhibit A).

2. On or about February 2018, the IRS denied the Plaintiff's request for an abatement of the penalty (Plaintiff's Exhibit B).

3. The Plaintiff filed a Form 843 on or about July 2019 with respect to a claim for refund for the tax period ending December 31, 2015 (Defendant Exhibit 2).

4. Defendant acknowledged receipt of Plaintiff's Form 843 on multiple occasions by way of correspondence dated December 18, 2019, February 12, 2020, October 7, 2020, January 21, 2021 and March 17, 2021 (Plaintiff's Exhibit C).

5. Plaintiff, upon discovering its failure to property sign the Form 843 under penalty of perjury, duly filed an amended Form 843 on or about December 2020 (Plaintiff's Exhibit D).

6. During July 2020, which was more than six months after the filing of Form 843 during July 2019, [26 U.S.C.A. §§ 6532(a)(1) and 7422(a)], Plaintiff filed this Complaint.

7. Plaintiff has received no response from the IRS to its Form 843 claim for refund other than those in Plaintiff's Exhibit C (or similar notices).

## ARGUMENT

### The Court Has Jurisdiction Based Upon The Informal Notice Doctrine

Federal Courts have recognized that "a notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity have been remedied by amendment filed after the lapse of the statutory period. There are no rigid guidelines except that an informal claim must have a written component and should 'adequately apprise the Internal Revenue Service that a refund is sought for certain years." *Schinazi v. United States*, 2002 U.S. Dist. LEXIS 10794, *13-14 (internal citations omitted).

There are three components to an informal claim: (1) it must provide sufficient notice that the taxpayer is asserting a right to a refund; (2) the claim must describe the legal and factual basis for the refund; and (3) it must have some written component. *See, e.g. New England Electric Sys. v. United States*, 32 Fed. Cl. 636, 641 (Fed. Cl. 1995); *see also, Vintilla v. United States*, 931 F.2d 1444, 1446 (11th Cir. 1991) (requiring a written component.)

Plaintiff's correspondence of November 2017 (Plaintiff's Exhibit A) satisfies all three components of *New England Electric Sys., supra*. It provided sufficient notice that the taxpayer was asserting a right to a penalty abatement; it described the legal and factual basis for the penalty abatement and it was in writing.

Significantly, in *Schinazi, supra* at *7, the Complaint was filed on March 23, 2000 and the Amended Form 843 was filed on July 1, 2000. Similarly, here, the Complaint was filed in July 2020 and the Amended Form 843 was filed in December 2020.

Therefore, like the Court in *Schinazi, supra*, the Court should deny Defendant's motion.

**Plaintiff's Amended Form 843 Related Back To The Date of Its Prior Filing**

The Defendant has also raised the six (6) month requirement of 26 U.S.C.A § 6532(a)(1) alleging that the six (6) month period had not expired.

However, the Defendant fails to recognize that the original Form 843 was filed during July 2019, and more than six (6) months have expired since that date and the filing of an Amended Form 843 does not initiate a new six (6) month requirement but relates back to the date of the original claim and is similar to amending a complaint. *See, e.g.*, USCS Fed Rules Civ Proc R 15 (c); *Jackson v. United States (In re Jackson),* 541 B.R. 887, 891 (2015) ("We see no reason why the Amended Claim cannot benefit from the relation back principle for amended claims generally….") (discussing amended proof of claim); Charlot v. Ecolab, Inc., 97 F. Supp. 3d 40, 69 (2014) ("Fed. R. Civ. P. 15(c) mandates relation back once the Rule's requirements are satisfied; it does not leave the decision whether to grant relation back to the district court's equitable discretion. … As long as the requirements of Rule 15(c) are met, considerations such as the general timeliness of the proposed amendment are not relevant.") (discussing amended complaint); *United States v. Memphis Cotton Oil Co*., 288 U.S. 62, 72 (1933) ("The cases in the

4

lower federal courts may not be wholly harmonious as to the extent to which amendments are allowable after the running of the statute, but there is general agreement that the applicable analogy is to be found in the rules governing the amendment of a pleading."); *United States v. Factors & Finance Co.*, 288 U.S. 89, 93 (1933) ("[A] general claim for refund, not specifying grounds, is subject to amendment until final rejection irrespective of a limitation running in the interval.")

A Form 843 refund claim is outstanding until the Form 843 is statutorily disallowed by the Defendant. *Eisenstadt Mfg. Co. v. Commissioner*, 28 T.C. 221, 228, ("Since the … supplemental claims for refund on form 843 are still pending with [out] rejection, the taxpayer is entitled to amend them within the rule laid down by the United States Supreme Court in *United States v. Memphis Cotton Oil Company*, 288 U.S. 62 and *United States v. Factors and Finance Company*, 288 U.S. 89.)

Therefore, since no notice of statutory disallowance was issued by the Defendant, the Form 843 refund claim was still alive and well during December 2020, when the Plaintiff filed the Amended Form 843.

**Dismissing the Complaint would frustrate efficient Judicial Administration**

Furthermore, the dismissal of this case would only be temporary because the Plaintiff could file a new Complaint during June 2021, and efficient judicial administration would be frustrated because a dismissal under 26 U.S.C.A. §6532(a)(1) is without prejudice. *See, e.g. Handshoe v. Fox*, 1957 U.S. Dist. LEXIS 4764, *1-2, 58-1 U.S. Tax Cas. (CCH).

## CONCLUSION

Defendant's Motion should be denied.

Dated: Garden City, New York
May 3, 2021

                              Respectfully submitted,

                              WYNNE LAW, P.C.
                              Attorneys for Plaintiff
                              1225 Franklin Ave., Suite 325
                              Garden City, NY 11530
                              Phone (833) 829-2889
                              jennifer@wynnelawpc.com

                              By: /s/ *Jennifer Ann Wynne*
                              JENNIFER ANN WYNNE (JW4428)