UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
───────────────────────────────x
                                    :

SPECIAL TOUCH HOME CARE        :
SERVICES, INC.,
                                    :

    *Plaintiff,*                               :

    *v.*                                      :   Case No. 1:20-cv-03051-NGG-RLM

UNITED STATES OF AMERICA,        :

    *Defendant.*                    :
───────────────────────────────x

**DEFENDANT UNITED STATES' REPLY IN FURTHER SUPPORT ITS MOTION TO DISMISS**

Plaintiff Special Touch Home Care Services, Inc.'s ("Plaintiff") response to the United States' motion for summary judgment raises three arguments: 1) that the Court has jurisdiction based upon the informal claim doctrine; 2) that Plaintiff's amended Form 843 filed after the commencement of this case relates back to the date of the original Form 843 was filed and corrects all jurisdictional defects; and 3) that dismissing the complaint would frustrate efficient judicial administration. The United States addresses each argument in turn.

    **I.**    **The Informal Claim Doctrine Does Not Apply to Plaintiff's Unperfected Claim.**

Plaintiff argues that, even though Plaintiff's original Form 843, Claim for Refund and Request for Abatement, dated July 1, 2019 ("Form 843") was not verified by the taxpayer under penalties of perjury, that defect should nevertheless be ignored because a letter mailed to the Internal Revenue Service on November 10, 2017 constituted an informal claim. *See* Pl.'s Mem. in Opp'n to Def. United States's Mot. To Dismiss ("Pl.'s Resp.") at 4. The letter states that it was mailed to the IRS in response to an "IRS notice in reference to the 2015 W-2s not being transmitted," but it does not claim a refund of any payments. The letter is dated November 10,

1

2017, which is before the date that the penalties were assessed (February 19, 2018) or paid (April 30, 2018). *See* US Motion, Exh. 1. A copy of the IRS notice is attached to the Form 843 as Exhibit E. The IRS notice proposed the assessment of the penalties at issue. Plaintiff incorrectly reasons that since the letter provided "sufficient notice" that it was asserting a right to a penalty abatement, said notice satisfied the requirements of an informal claim. *Id*. Plaintiff's argument in unavailing for three reasons. First, the letter could not possibly constitute an informal claim for refund because the penalties had not yet been assessed or paid. Second, the informal claim doctrine does not apply here because the informal claim doctrine does not apply to questions of validity under 26 U.S.C. § 7422, which is the issue before this Court. Third, the informal claim doctrine does not apply because Plaintiff failed to cure the defect in its purported informal claim before filing suit. Fourth, Plaintiff, cannot cure the defect now because jurisdiction is established at the time the complaint is filed, not during the pendency of the litigation. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1(1957) (quoting *Mollan v. Torrance*, 22 U.S. 537 at 339 (1824) ("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events.").

To begin, the informal claim doctrine is used to satisfy the timeliness requirement of 26 U.S.C. § 6511, not the validity of § 7422, which is at issue here. The informal claim doctrine stands for the proposition that a formal claim that is filed outside the 2-3 year period of limitations set forth in § 6511 will still be considered timely as long as it related back to a timely informal claim. *See United States v. Kales*, 314 U.S. 186, 196-97 (1941). An informal claim, however, must be perfected while the IRS still has jurisdiction over the claim. The informal claim doctrine is best described in the Supreme Court's decision in *United States v. Kales*. In *Kales*, the Court references Treasury Decision 4266. 314 U.S. at 193. Treasury Decision 4266

specifically notes that "no claim in respect of which *a suit in court has been commenced* at any time may be so perfected."

Here, neither the Form 843 nor the letter, dated November 10, 2017, were signed under penalties of perjury and there is no verification of the grounds and facts for a claim for refund. Moreover, the Form 843 does not purport to cure any defects in the letter.

Plaintiff relies on *Schinazi v. United States,* 2002 U.S. Dist. LEXIS 10794, which cites to *Kales* and makes clear that the informal claim doctrine is a question of timeliness not validity. Notably, the taxpayers in *Schinazi* were issued a Notice of Disallowance, no such notice has been issued by the IRS to Plaintiff. Here, the IRS has not taken any action on Plaintiff's refund claim other than perhaps advising the Plaintiff that the processing of its claim has not been completed. Pl.'s Ex. C. As such, the IRS has not waived the requirement for filing a valid refund claim and it entitled to insist on compliance with the Treasury Regulations concerning the requirements for filing a valid refund claim. *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 296-97 (1945); *United States v. United States Fidelity & Guaranty Co., et al.*, 309 U.S. 506, 513 (1940) (the sovereign immunity of the United States cannot be waived by officials).

The Treasury Regulations promulgated by the Secretary of the Treasury regarding a claim for refund require that:

> [t]he claim must set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof. The statement of the grounds and facts must be verified by a written declaration that it is made *under penalties of perjury*. A claim which does not comply with this paragraph *will not be considered for any purpose as a claim for refund*.

Treas. Reg. § 301.6402-2(b)(1) (emphasis added). If accepted, Plaintiff's argument would do away with the requirements of Treas. Reg. § 301.6402-2(b)(1). Similarly, Treas. Reg. § 301.6402-2(c) required the taxpayer to use a Form 843, and that form states that it must be

3

signed by an officer of a corporation under penalties of perjury. In *Anuforo v. Commissioner*, like Plaintiff, the taxpayer filed Forms 843 and then waited six months before filing the refund suit, but the forms were returned because they were not singed under penalties of perjury. 2007 WL 2695805, at *2(D. Minn. Sept. 10, 2007). After the government moved to dismiss the suit for lack of jurisdiction because the unsigned forms were not valid claims, the taxpayer filed new, signed, Forms 843. *Id*. The taxpayer in *Anuforo* argued that his unsigned Form 843 satisfied the validity requirements of § 7422 because it constituted an informal claim. *Id*. The district court rejected this argument.

First, the court held that because the unsigned Form 843 was not a valid claim for refund under Treas. Reg. § 301.6402-2, it did not satisfy the jurisdictional prerequisites for maintaining a refund suit under § 7422. *Id*. at *3. Second, the court held that the taxpayer could not cure the jurisdictional defect by filing a new, signed, Form 843, after the suit had been filed. *Id*. The court specifically noted that the passage of time could not cure the jurisdictional defect of premature filing and that the law did not confer subject-matter jurisdiction when the suit is commenced prior to the filing of a valid Form 843. *Id*. Accordingly, the district court dismissed the complaint. *Id*.

Even, assuming *arguendo*, that the informal claim doctrine applied, it would not establish this Court's jurisdiction because Plaintiff failed to perfect its purported informal claim before filing suit. An informal claim for refund cannot be perfected *after* the filing of a refund suit. The Federal Circuit has explained that "the IRS's jurisdiction over the claim necessarily terminates on the date a refund suit is filed." *Computervision v. United States*, 445 F.3d 1355, 1372 (Fed. Cir. 2006). At the time the suit is filed, the IRS "no longer has authority to resolve the claim, and therefore is without power to "allow" or "disallow" it." *Id.*; 26 U.S.C. § 7122(a) (authorizing

4

Attorney General, not the Secretary of Treasury, to compromise civil or criminal cases arising under the internal revenue laws after reference to the Department of Justice for prosecution or defense). In reaching that conclusion, the Federal Circuit said the Second Circuit's decision in *St. Joseph Lead Co. v. United States*, 299 F.2d 348 (2d Cir. 1962), which held that for purposes of the germaneness doctrine (as opposed to the informal claim doctrine) a claim can be amended after a refund suit has been filed, was "untenable" since it would allow amendments after filing the refund suit to extend the limitations period indefinitely. 445 F.3d at 1372. And, in the specific context of informal claims, at least one court has found explicitly that when a suit is filed prior to perfection of the claim, termination of the IRS's jurisdiction "precludes any further attempt to do so." *Hall v. United States*, 148 Fed. Cl. 371, 379 (2020); *cf. Clement v. United States*, 405 F.2d 703 (1st Cir. 1969) (when a refund suit for a timely filed refund claim was dismissed for failing to meet claim-specificity requirements, a claim filed after the dismissal did not supplement or amend the original claim, because the original claim was no longer pending and there was "nothing left to amend.").

Moreover, although the court in *Pennoni v. United States*, 86 Fed. Cl. 351, 365 n.18 (2009), chose not to address the issue of perfection after filing suit, it did quote a 7th Circuit decision noting that cases that have applied the informal claim doctrine have done so when the taxpayers have followed their informal submission with proper formal claims "before initiating litigation." *Greene-Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008) ("In previous cases that have applied the informal claim doctrine, the taxpayers followed their informal submissions with proper formal claims before initiating litigation." (emphasis added)).

The letter Plaintiff argues constitutes an informal claim was sent to the IRS well before the penalty pursuant to 26 U.S.C. § 6721 was assessed or paid and before Plaintiff filed its

5

original Form 843. If accepted, Plaintiff's argument would deprive the IRS of the opportunity to address issues administratively, would do away with Form 843 entirely, and it would make § 7422 and the regulations governing the refund process difficult to administer--making the informal claim doctrine the norm and not the limited exception.

Here, the IRS has not had the opportunity to examine Plaintiff's refund claim. The purpose of requiring the taxpayer to exhaust his administrative remedies by filing a refund claim before filing suit is to afford the IRS an opportunity to examine the claim and to address the problem administratively, and thus potentially to limit or avoid any subsequent litigation.

## II. Plaintiff's Attempt to cure the defect by filing an amended Form 843 after filing suit Does Not-And Cannot- Cure the Jurisdictional Defect.

Preliminarily, Plaintiff contends that the United States alleged in its memorandum that the six-month period has not expired. Pl.'s Resp. at 4. The United States in its memorandum identifies the six month requirement of 26 U.S.C. § 6532(a)(1) as one the two jurisdictional prerequisites that are necessary to maintain a refund suit and that must be established before the Court can proceed to the merits. Def.'s Mem. at 5. However, nowhere in its motion or its memorandum in support of its motion to dismiss does the United States allege that the six-month period starting on July 1, 2019, has not expired. This case was commenced on July 8, 2020. The six-month requirement is not at issue in this case.

More importantly, whether the amended Form 843 mailed to the IRS on December 10, 2020, after the commencement of this suit, relates back to the Form 843 mailed to the IRS on or about July 1, 2019, is irrelevant to whether this Court has jurisdiction of the present suit. Although as noted above, at the time a refund suit is filed, the IRS "no longer has authority to resolve the claim, and therefore is without power to "allow" or "disallow" it." *Computervision*, 445 F.3d at 1372; 26 U.S.C. § 7122(a) (authorizing Attorney General, not the Secretary of

6

Treasury, to compromise civil or criminal cases arising under the internal revenue laws after reference to the Department of Justice for prosecution or defense).

Plaintiff's attempt to cure its defective refund claim by submitting an amended Form 843 containing a signature on the taxpayer's verification line does not retroactively vest this Court with jurisdiction. It is well settled that jurisdiction over a complaint must exist at the time of filing if it is to exist at all. *See Smith v. Sperling*, 354 U.S. 91, 93 n.1(1957) (quoting *Mollan v. Torrance*, 22 U.S. 537 at 339 (1824) ("It is quite clear, that the jurisdiction of the Court depends upon the state of things at the time of the action brought, and that after vesting, it cannot be ousted by subsequent events.").

Therefore, Plaintiff's attempt to cure the defect in its purported claim by filing a new, amended, Form 843, cannot be used to create ex post facto jurisdiction in this Court. Accordingly, Plaintiff's instant refund suit must be dismissed.

### III. Plaintiff's Anticipated Refund Suit is Irrelevant to Whether This Court Has Jurisdiction Over the Present Suit.

Plaintiff argues that the dismissal of this case would only be temporary as it anticipates filing a new complaint during June 2021. Pl.'s Resp. at 5. Plaintiff also argues that efficient judicial administration would be frustrated because a dismissal under 26 U.S.C. § 6532(a)(1) is without prejudice.  Whether or not Plaintiff will file a new refund suit and/or whether that suit will meet the two jurisdictional prerequisites necessary to maintain a refund suit is irrelevant. Further, the fact that this case would be dismissed without prejudice is not a ground for not dismissing the case when the Court lacks jurisdiction.

## CONCLUSION

This Court lacks subject-matter jurisdiction over plaintiff's complaint because plaintiff failed to duly file an administrative claim for refund, as required by Internal Revenue Code § 7422. Accordingly, defendant United States of America respectfully requests that this Court dismiss the complaint.

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

*/s/ Thelma A. Lizama*
THELMA A. LIZAMA
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
202-616-3339 (v)
202-514-5238(f)

## **CERTIFICATE OF SERVICE**

      I certify that service of the foregoing Defendant United States' Motion to Dismiss has this 17th day of May, 2021, been made upon counsel for plaintiff Special Touch Home Care Services, Inc. via email.

                                              */s/ Thelma A. Lizama*
                                              THELMA A. LIZAMA
                                              Trial Attorney, Tax Division