UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

SPECIAL TOUCH HOME CARE SERVICES, Inc.,

Plaintiff,

-against-

UNITED STATES OF AMERICA,

Defendant.

**MEMORANDUM & ORDER**
**20-CV-3051 (NGG) (TAM)**

NICHOLAS G. GARAUFIS, United States District Judge.

Plaintiff Special Touch Home Care Services, Inc. seeks the refund of a federal tax penalty that was erroneously or illegally collected and the refund of which was erroneously or illegally denied by Defendant United States. Defendant moved to dismiss the Complaint in its entirety for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(h)(3). (Def.'s Mem. in Supp. of Mot. to Dismiss ("Mot.") (Dkt. 18-2).) For the reasons explained below, this court lacks subject matter jurisdiction over this dispute, and Defendant's motion to dismiss the Complaint is GRANTED.

## I.   BACKGROUND

Plaintiff is a New York corporation with its principal place of business in Brooklyn, New York. (Compl. (Dkt. 1) ¶ 5.) Since approximately 1990, Joseph Liberman, Plaintiff's controller, has been responsible for handling Plaintiff's taxes, including but not limited to, the transmission of W-2 information to the Internal Revenue Service ("IRS"). (*Id.* ¶¶ 7-8.) There were no known incidents related to Mr. Liberman's performance of his duties from 1990 to 2014, including the period during which Mr. Liberman underwent treatment for prostate cancer in 2013. (*Id.* ¶¶ 9-10.) In late 2015, Mr. Liberman "became seriously ill," and in early 2016, he was diagnosed with colon and prostate cancer. (*See*

1

Nov. 10, 2017 Ltr. to IRS (Dkt. 18-5) at ECF p. 2).)[1] During his
treatment, Mr. Liberman continued to work for Plaintiff, but was
forced "to work reduced hours and be totally out of the office
routinely." (*Id.*) Unbeknownst to Plaintiff, Mr. Liberman failed to
file Plaintiff's Forms W-2 and W-3 for the years 2015 and 2016.
(Compl. ¶¶ 16-17.)

On July 31, 2017, Plaintiff received correspondence from the IRS
proposing a penalty, at which point Plaintiff became aware of its
failure to file information tax returns for 2015 and 2016. (*Id.* ¶¶
16-17, 22; *see* Nov. 10, 2017 Ltr. to IRS.) After becoming aware
of this failure, Plaintiff promptly provided the IRS with the delin-
quent tax forms. (Compl. ¶ 18.) On November 10, 2017, Plaintiff
sent a letter to the IRS requesting an abatement of the proposed
penalty, but the IRS denied Plaintiff's request in a letter dated
February 2, 2018, explaining that Plaintiff had not shown rea-
sonable cause or due diligence. (*See* Pl.'s Resp. in Opp. to Mot. to
Dismiss ("Opp.") at 2; Feb. 2, 2018 Ltr. to Pl. (Dkt. 18-5) at ECF
p. 4.) The IRS letter provided that in order to appeal the decision,
Plaintiff would need to provide certain facts and evidence along
with a declaration that the submission is true "under penalties of
perjury." (Feb. 2, 2018 Ltr. to Pl.) The letter further informed
Plaintiff that submitting a Power of Attorney ("Form 2848") was
required if Plaintiff wished to be represented by another party
before the IRS. (*Id.*) Finally, the letter notified Plaintiff that in-
stead of appealing, Plaintiff could pay the penalty and file a claim
for a refund. (*Id.*)

---

[1] A court may consider "affidavits and other materials beyond the plead-
ings" to resolve a motion to dismiss for lack of subject matter jurisdiction.
*Gil v. Bernard & Yam, L.L.P.*, No. 17-CV-942 (NGG) (PK), 2018 WL
443339, at *4 (E.D.N.Y. Jan. 16, 2018) (quoting *J.S. ex rel. N.S. v. Attica
Cent. Sch.*, 386 F.3d 107, 110 (2d Cir. 2004)); *see also Morrison v. Nat'l
Australia Bank*, 547 F.3d 167, 170 (2d Cir. 2008). Additionally, the court
has determined that this is a fact-based motion for summary judgment,
which warrants "consideration of evidence outside of the pleadings." *See
Amidax Trading Grp. v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir.
2011); *see also infra* section II for further discussion.

On February 19, 2018, the IRS assessed a penalty against Plaintiff in the amount of $451,000 pursuant to 26 U.S.C. § 6721. (Pl.'s IRS Account Transcript (Dkt. 18-2) at ECF p. 13.)[2] To satisfy the penalty, the IRS offset $443,188.36 from Plaintiff's account for employment taxes for the first quarter of 2018 on April 30, 2018 and $11,805.98 from Plaintiff's account for employment taxes for the second quarter of 2018 on July 31, 2018. (*Id.*; Mot. at 1.)[3]

On July 1, 2019, Plaintiff's attorney, Hana M. Boruchov, filed a Claim for Refund and Request for Abatement ("Form 843") with the IRS's Philadelphia Service Center, requesting a refund in the amount of the 2015 penalty. (*See* Compl. ¶ 27; July 1, 2019 IRS Submission (Dkt. 18-2) at ECF pp. 14-15.) The Form 843 was signed on July 1, 2018 by Ms. Boruchov as Plaintiff's "return preparer" in the section designated "Paid Preparer Use Only." The signature line in this section does not state that it is "under penalties of perjury." (*See* July 1, 2019 IRS Submission at ECF p. 15) The accompanying Form 2848 was signed by one of Plaintiff's employees on January 14, 2019, but it does not specifically authorize representation with respect to Form 843. (*Id.* at ECF p. 18.) Further, the employee did not check two boxes that would have authorized Ms. Burochov to sign both a Form 843 and file tax returns on behalf of the Plaintiff. (*See id.* at ECF pp. 16-18.)[4]

---

[2] As Plaintiff notes in the Complaint, the IRS assessed a separate penalty against Plaintiff for the failure to file 2016 tax returns. (Compl. ¶ 19.) However, the IRS found that Plaintiff made a timely demonstration of reasonable cause and abated the penalty, so it is not in dispute.

[3] The total damages amount of $454,944.34 includes a $3,994.34 interest fee that was "charged for late payment" on top of the $451,000 penalty. (*See* Pl.'s IRS Account Transcript.)

[4] The box on Part I, Line 4 of Form 2848 allows a taxpayer to grant "specific use" power of attorney, which is required to authorize a representative to sign Form 843 on behalf of a taxpayer, and Part I, Line 5 authorizes a representative to sign returns on Plaintiff's behalf. (July 1, 2019 IRS Submission at ECF pp. 16-18.)

The IRS has not yet responded to the merits of Plaintiff's Form 843. (*See* Mot. at 4; 2019-21 Ltrs. to Pl. (Dkt. 18-5) at ECF pp. 8-12.) Instead, on December 18, 2019 and February 12, 2020, the IRS notified Plaintiff that the IRS had not "completed all the processing necessary for a complete response," and that it would contact Plaintiff again within 60 days. (*See* Compl. ¶ 28; 2019-21 Ltrs. to Pl. at ECF pp. 8-9.) After Plaintiff initiated this suit, the IRS sent nearly identical letters on October 7, 2020, January 21, 2021, and March 17, 2021. (2019-21 Ltrs. to Pl. at ECF pp. 10-12.)

On July 8, 2020, Plaintiff filed its Complaint pursuant to 26 U.S.C. § 7422, seeking a refund of the 2015 penalty in the amount of $454,994.34 plus prejudgment and post-judgment interest. (*See* Compl. ¶¶ 1, 32, 35). On December 10, 2020, Plaintiff filed an amended Form 843, which was signed by Plaintiff's authorized representative under penalties of perjury. (*See* Opp. at 3 & Ex. D.)

## II. LEGAL STANDARD

"It is axiomatic that federal courts are courts of limited jurisdiction and may not decide cases over which they lack subject matter jurisdiction." *Lyndonville Sav. Bank & Tr. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000).[5] Rule 12(h)(3) of the Federal Rules of Civil Procedure provides that a court must dismiss an action at any point if it determines that it lacks subject matter jurisdiction.

### A. Sovereign Immunity

In suits against the United States, sovereign immunity operates as a limitation on subject matter jurisdiction. The doctrine of sovereign immunity provides that the United States may not be sued in the absence of its consent, and "the existence of consent is a prerequisite for jurisdiction." *Roberts v. I.R.S.*, 468 F. Supp. 2d 644, 649 (S.D.N.Y. 2006), *aff'd*, 297 F. App'x 63 (2d Cir. 2008).

---

[5] When quoting cases, and unless otherwise noted, all citations and quotation marks are omitted, and all alterations are adopted.

Thus, "plaintiff bears the burden of establishing that [plaintiff's] claims fall within an applicable waiver" of sovereign immunity. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). Under 28 U.S.C. § 1346(a)(1), taxpayers are permitted to bring lawsuits in district courts for refunds against the United States. *Flora v. United States*, 362 U.S. 145, 148-49 (1960). However, "[d]espite its spacious terms, § 1346(a)(1) must be read in conformity with other statutory provisions which qualify a taxpayer's right to bring a refund suit upon compliance with certain conditions." *United States v. Dalm*, 494 U.S. 596, 601 (1990).

There are two principal statutory limitations on a taxpayer's ability to file a refund suit under § 1346(a)(1). First, under 18 U.S.C. § 7422(a), a taxpayer may not file suit "until a claim for refund or credit has been *duly filed* with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof." *See United States v. Williams*, 514 U.S. 527, 533 & n.5 (1995) (emphasis added). Second, taxpayers may not file suit "before the expiration of 6 months from the date of filing the claim." 26 U.S.C. § 6532(a)(1).

## B.  Consideration of Evidence

Courts in the Second Circuit have distinguished between facial and fact-based motions to dismiss for lack of subject matter jurisdiction. *See Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56-57 (2d Cir. 2016). A facial motion is "based solely on the allegations of the complaint or the complaint and exhibits attached to it," whereas a fact-based motion "proffer[s] evidence beyond the Pleading." *Id.* On a facial motion, "[t]he task of the district court is to determine whether the Pleading alleges facts that affirmatively and plausibly suggest that the plaintiff has standing to sue." *Id.* at 56. On a fact-based motion, "[i]f the defendant's evidence exposes a potential jurisdictional defect, the plaintiffs will need to come forward with evidence of their own, though they are entitled to rely on the allegations in the Pleading if the evidence proffered by the defendant . . . does not contradict plausible allegations that are themselves sufficient to show standing." *MedPlus, Inc. v. Am. Casualty Co. of Reading, PA*, No. 16-CV-2985

(NGG) (JO), 2017 WL 3393824, at *4 (E.D.N.Y. Aug. 4, 2017). Where the moving party's "extrinsic evidence . . . is material and controverted," *Carter*, 822 F.3d at 57, "the court will analyze Defendant's Rule 12(b)(1) motion as a factual attack on jurisdiction, to be assessed based on all material evidence." *Med-Plus, Inc.*, 2017 WL 3393824, at *4; *see also Citizens for Resp. & Ethics in Wash. v. Trump*, 953 F.3d 178, 185 n.5 (2d Cir. 2019) (noting that the court will consider "expert affidavits submitted in response to Defendant's fact-based motion to dismiss").

The Complaint alleged a timely and duly filed Form 843, as required to secure jurisdiction under 26 U.S.C. § 7422(a). (Compl. ¶¶ 27, 32-34.) However, Defendant's motion to dismiss, which attached a copy of Plaintiff's Form 843, exposed a potential jurisdictional defect: Plaintiff's submission to the IRS had not in fact been duly filed. Thus, this court will consider the evidence proffered in the parties' briefing in addition to the Complaint to decide the motion.

Accordingly, to survive this motion to dismiss, Plaintiff bears the burden of "proving by a preponderance of the evidence that subject matter jurisdiction exists," *Katz v. Donna Karan Co., L.L.C.*, 872 F.3d 114, 120 (2d Cir. 2017), specifically that Plaintiff "duly filed" a claim for a refund with the IRS at least six months prior to filing this action.

## III. DISCUSSION

Defendant alleges that Plaintiff did not comply with § 7422(a)'s requirement that a claim for refund be duly filed with the IRS and thus there was no waiver of Defendant's sovereign immunity. Plaintiff responds that (i) the amended Form 843 cures the previous procedural defect; (ii) the court has jurisdiction based on the informal claim doctrine; and (iii) dismissing the complaint would frustrate efficient judicial administration. In response, Defendant contends that (i) the amended Form 843 does not cure the previous defects; and (ii) the informal claim doctrine is inapplicable, as it applies to issues of timeliness, not validity.

### A.  Validity of Plaintiff's Original Submission

Prior to filing a suit for the recovery of "erroneously or unlawfully assessed" taxes, a "taxpayer must comply with the tax refund scheme established in the Code." *United States v. Clintwood Elkhorn Min. Co.*, 553 U.S. 1, 4 (2008). The fundamental requirement is that the refund claim was first "duly filed" with the IRS. *Id.* at 8. The Treasury Regulations and case law further elucidate on what constitutes a "duly filed" refund claim.

The claim must "set forth in detail each ground upon which a credit or refund is claimed and facts sufficient to apprise the Commissioner of the exact basis thereof," and this "statement of the grounds and facts must be verified by a written declaration that it was made *under the penalties of perjury*." 26 C.F.R. § 301.6402-2(b)(1) (emphasis added). This regulation makes clear that a claim without a sufficient statement of grounds and facts "will not be considered for any purpose as a claim for refund or credit." *Id.* In addition, "the claim for refund required by § 7422(a) must be filed by the taxpayer claiming such refund." *Hartwick Coll. v. United States*, 801 F.2d 608, 612 (2d Cir. 1986) (citing 26 C.F.R. § 301.6402-2(a)(1)). However, the regulations permit an agent to file the refund on a taxpayer's behalf. *Id.* In cases where the agent did not file the taxpayer's tax returns in the first instance, "a power of attorney must accompany the claim." 26 C.F.R. § 301.6402-2(e).

Plaintiff's original submission allegedly contains two primary defects. First, Form 843 was not signed "under penalties of perjury" as required by Treasury Regulations. Second, even if Ms. Boruchov, the attorney who signed the Form 843 as the preparer had signed under penalties of perjury, she was not authorized to represent the Plaintiff because Form 2848 also contained several deficiencies. Courts that have considered similar defects have found that they are fatal to the submission of a "duly filed" Form 843 and thus insufficient to confer jurisdiction.

1.   Form 843

Courts that have considered the "penalties of perjury" requirement have consistently reiterated that it is a required component of a tax refund request under the Treasury Regulations. *See, e.g., Dubay v. Scott*, No. 98-CV-0029 (DJS), 1998 WL 1035439, at *3 (D. Conn. Sept. 30, 1998); *Bartley v. United States*, No. 95-CV-404 (RWW) 1995 WL 835398, at *2 (E.D. Wis. Dec. 20, 1995) (signing a refund "under penalty of perjury" is one of "several requirements imposed by statute and regulation"); *Howell v. Comm'r*, T.C. Summ. Op. 2015-45, at *3 (2015) (noting that Form 843 "requires the applicant's signature under penalties of perjury"). This requirement stems from the IRS's need to "enforce directly against a rogue taxpayer." *Dixon v. United States*, 147 Fed. Cl 469, 476 n.5 (Fed. Cl. 2020); *cf. Borgeson v. United States*, 757 F.2d 1071, 1073 (10th Cir. 1985) ("The perjury charge based on a false return has been deemed one of the principal sanctions available to assure that honest returns are filed.").

In cases where taxpayers have failed to sign Form 843 under penalties of perjury, courts have found that the submission was not valid and thus does not confer subject matter jurisdiction. *See, e.g.*, *Anuforo v. Comm'r*, No. 05-CR-2156 (JRT) (FLN), 2007 WL 2695805, at *3 (D. Minn. Sept. 10, 2007) ("[U]nsigned Forms 843 are not valid claim forms" and thus "cannot satisfy the jurisdictional prerequisite"); *Overton v. United States*, 48 F. App'x 295, 300 (10th Cir. 2002) (affirming dismissal for lack of subject matter jurisdiction where "refund claim was not verified by a written declaration that it [was] made under the penalties of perjury").

Similarly, where an attorney has filed Form 843 on behalf of a taxpayer, courts have maintained that Form 843 must be signed under penalties of perjury. In *Trackhter v. United States*, taxpayer's counsel executed Form 843 and attached Form 2848. No. 20-CV-02282 (SI), 2020 WL 3971621, at *2 (N.D. Cal. July 14, 2020). However, like Ms. Boruchov, the attorney did not sign under penalties of perjury, which the court referred to as a "critical omission." *Id.* The court was clear that "[t]he power of attorney

8

form does not fulfill the penalty of perjury requirement." *Id.* Similarly, in *Giacchi v. U.S. Dep't of Treasury*, the court concluded that Form 843 was invalid where "the attached letter from [Plaintiff's] counsel include[d] a description of the potential grounds for a refund," but was not "verified by a written declaration that is made under the penalties of perjury." No. 18-CV-2332 (EGS), 2019 WL 398931, at *7 (E.D. Pa. Jan. 31, 2019). This conforms with the way that courts have approached other tax forms, such as tax returns. *See Gregory v. United States*, 149 Fed. Cl. 719, 724 (Fed. Cl. 2020) ("The regulations allow for a person other than the taxpayer to sign under penalties of perjury only if a valid Form 2848 accompanies the return."); *Dixon*, 147 Fed. Cl. at 475 (finding a lack of subject matter jurisdiction where "refund claims did not comply with the IRS's requirements that every tax return be signed under penalties of perjury by either the taxpayer or his agent").

The Treasury Regulations are clear about the requirement that Form 843 is filed under penalties of perjury. The court sees no reason why that requirement should differ where an attorney signs Form 843 on behalf of a taxpayer. Here, neither Plaintiff nor Plaintiff's attorney signed the Form 843 under penalties of perjury. Thus, Plaintiff's original Form 843 was not "duly filed."

### 2. Form 2848

Even if Plaintiff's attorney had properly executed Form 843 under penalties of perjury, Defendant alleges that due to several deficiencies in Form 2848, the form did not vest counsel with authority to sign Form 843 on Plaintiff's behalf.

The Treasury Regulations provide that a Form 843 prepared by an attorney must be accompanied by Form 2848. *See* 26 C.F.R. § 301.6402-2(e). Further, courts have found that the omission of a valid Form 2848 is fatal to a claim for a refund submitted by counsel. *Favell v. United States*, 22 Cl. Ct. 571, 577-78 (Fed. Cl. 1991) (dismissing claim based on "failure to file valid powers of attorney"); *Rewwer v. United States*, No. 20-CV-495 (MRB), 2022 WL 203508, at *3 (S.D. Ohio Jan. 24, 2022) (referring to the failure to attach Form 2848 as a "deficiency").

Defendant alleges three deficiencies in Plaintiff's Form 2848. First, Form 2848 "does not specifically authorize Ms. Boruchov or any other representative to file a claim for refund or to represent plaintiff before the IRS with respect to a Form 843." (Mot. at 2.) Second, the form "does not check the box on Part I, line 4 for a one-time specific use power of attorney." (*Id.*) Third, the form "does not check the box on Part I, line 5, that, if checked, would indicate that Ms. Boruchov or any other representative was authorized to sign returns on the plaintiff's behalf." (*Id.* at 2-3.)

Courts tend to require strict compliance with the requirements of Form 2848. In *Wilson v. United States,* a case with nearly identical facts as here, plaintiff's attorney signed Form 843 on behalf of the taxpayer in the "Paid Preparer Use" section of a Form 843 and left the "under penalties of perjury" signature line blank. No. 18-CV-408 (RHH), 2019 WL 988600, at *1 (Fed. Cl. Feb. 27, 2019).[6] Plaintiff's Form 2848 also stated that the attorney was "authorized to perform acts regarding the following tax matters: income tax (Form 1040), civil penalties (Forms 3520 and 3520-A), and matters relating to foreign banks and financial account reports." *Id.* at *2. The court found that the Form 2848 was invalid because "Plaintiff has not demonstrated by a preponderance of the evidence that Form 2848 is a broad authorization that extends to the signing of a claim for refund." *Id.* at 5. Similarly, in *Dixon,* the Court of Federal Claims found that plaintiff's attorney's failure to check the box to authorize a representative to "sign a return" in Part I, Line 5a of Form 2848 rendered it invalid. 147 Fed. Cl. at 472, 475. While the Form 2848 in *Dixon* was attached to a tax return, rather than a refund claim, which is specifically enumerated in one of the checkboxes in Line 5a, both documents must be signed under penalties of perjury and are likely beyond the scope of the acts explicitly authorized by the form, which are "agreements, consents, or similar documents."

---

[6] The court declined to "address the propriety of his signature on the refund claim" since it found that Form 2848 was insufficient. *Wilson,* 2019 WL 988600, at *5.

Here, Plaintiff's Form 2848 provides that it covers civil penalties related to Forms 1099, W-2, and W-3, but does not include specific authorization to file Form 843. Given the lack of specific authorization, the court finds that Plaintiff's Form 2848 could not authorize Plaintiff's attorney to file a refund claim on Plaintiff's behalf.

**B.   Alternative Jurisdictional Bases**

Although Plaintiff alleged in the Complaint that it had duly filed Form 843 as required by 26 U.S.C. § 7422(a), in response to this motion, Plaintiff concedes that the claim was not signed under penalties of perjury. (*See* Opp. at 2.) Instead, Plaintiff offers two alternative bases for this court's jurisdiction over the tax refund claim. First, the claim is still valid under the informal notice doctrine, [7] and second, the amended claim relates back to the original claim, in effect, curing the original claim.

> 1.   Informal Notice Doctrine Based on the November 10, 2017 Letter

Defendant argues that notwithstanding any alleged deficiencies in the original Form 843, this court has jurisdiction pursuant to the informal claim doctrine. In *United States v. Kales*, the Supreme Court recognized the informal claim doctrine:

> [A] notice fairly advising the Commissioner of the nature of the taxpayer's claim, which the Commissioner could reject because too general or because it does not comply with formal requirements of the statute and regulations, will nevertheless be treated as a claim where formal defects and lack of specificity *have been remedied by amendment filed after the lapse of the statutory period.*

314 U.S. 186, 194 (1941) (emphasis added). Since *Kales*, "[t]he Supreme Court and lower courts have consistently held

---

[7] Courts refer to the informal notice doctrine and informal claim doctrine interchangeably.

that an informal claim is sufficient to satisfy the statutory prerequisite of . . . § 7422(a)." *United States v. Forma*, 42 F.3d 759, 767 n.13 (2d Cir. 1994). There are three components of an informal claim for a refund: (1) "provide the IRS notice of the taxpayer's claim to a refund"; (2) "describe the legal and factual basis for the refund"; and (3) "have a written component." *AmBase Corp. v. United States*, 731 F.3d 109, 118 (2d Cir. 2013).[8]

Plaintiff asserts that the November 10, 2017 letter to the IRS meets these three criteria without further explanation. (Opp. at 4.) The November 2017 letter requests that "due to the extenuating circumstances . . . the penalties for the late filing be removed." (Nov. 10, 2017 Ltr. to IRS.) The letter, submitted prior to the assessment of the penalty on February 19, 2018, requests the abatement of an unpaid penalty, not a refund. *United States v. Factors' & Fin. Co.*, 288 U.S. 89, 92 (1933). Courts have strictly construed the requirement that an informal claim put the IRS on notice that a *refund* is sought. *See, e.g., Simon v. Doe*, 463 F. Supp. 2d 466, 469-70 (S.D.N.Y. 2006) (finding that where plaintiff's "accountant wrote only to request an abatement of penalties, which [plaintiff] had not paid at that time," the IRS did not have informal notice that plaintiff sought a refund); *UKP Holdings, Inc. v. United States*, No. 15-CV-6431 (RJD) (RLM), 2018 WL 1701918, at *6 (E.D.N.Y. Apr. 6, 2018) ("It is not enough that the IRS has information from which it might deduce that the taxpayer is entitled to, or might desire, a refund."); *Meuli v. United States*, No. 11-CV-1044 (RDR), 2011 WL 2650355, at *4 n.2 (D. Kan. July 6, 2011) ("The word 'refund' is never mentioned in the letter. The court does not consider this a formal or informal refund claim."); *Hollie v. Comm'r*, 73 T.C. 1198, 1214 (T.C. 1980) ("[O]n its face, the protest fails to satisfy the most

---

[8] Defendant suggests that one of the deficiencies of the November 10, 2017 letter is that it was not signed under penalties of perjury. It does not appear that this is a requirement under the informal claim doctrine, and in fact, in a recent Eastern District of California case, the court explicitly held that this was not required for an informal claim. *See Johnson v. United States*, No. 19-CV-01561 (TLN) (JDP), 2021 WL 4480937, at *2-3 (E.D. Cal. Sept. 30, 2021).

basic requirement of a claim—advising the Commissioner that a refund is being sought.").

Consistent with this strict requirement, courts within the Second Circuit have found informal communications to constitute informal claims only where the communication clearly conveyed that a refund was sought. *See, e.g., McMillan v. I.R.S.*, No. 09-CV-577 (JG) (LB), 2010 WL 3804895, at *1 (E.D.N.Y. Sept. 23, 2010) ("Although [plaintiff] did not use the word 'refund,' the only reasonable construction of his letter is as a request for refunds."); *Weisman v. Comm'r*, 103 F. Supp. 2d 621, 628 (E.D.N.Y. 2000) (holding that a cover letter and 1040 that "referenced the 1990 tax year and indicated that a refund was due" constituted an informal claim); *Porto v. Seltzman*, No. 89-CV-7945 (JFK), 1990 WL 26293, at *3 (S.D.N.Y. Mar. 5, 1990) ("Although his statement . . . does not specify with clarity his reasons for challenging the penalties, it does communicate to the IRS that a right is being asserted with respect to an overpayment of tax."). Here, Plaintiff's letter request did not contain a request for a refund; indeed, at this point, there was no refund to request. Accordingly, the November 10, 2017 letter cannot be considered an informal claim for a refund.

Even if the court were to construe the November 10, 2017 letter as an informal claim for a refund rather than as a request for abatement, filing an informal claim is not a substitute for a valid claim. Instead, it "arrest[s] the running of the statute of limitations," *UKP Holdings, Inc.*, 2018 WL 1701918, at *4, by "allow[ing] certain less formal written claims to constitute notice within the statute of limitations." *Magnone v. United States*, 733 F. Supp. 613, 618 (S.D.N.Y. 1089).[9] For example, in *McMillan*,

---

[9] In cases where the IRS has "fully investigat[ed] the merits of a nonconforming claims," courts have found that the IRS has "waive[d] its right to perfection of an informal refund claim, just as it can waive its right to strict compliance with other tax procedure regulations." *Weisman*, 103 F. Supp. 2d at 628 n.12. However, in the instant action, the IRS did not fully investigate the claim, and repeatedly notified Plaintiff that processing was not yet complete.

the court held that taxpayer's letter sent before the statutory pe-
riod had lapsed was an informal claim, which protected the
formal claim filed after the statute of limitations had run. 2010
WL 3804895, at *1. Similarly, in *Gallo v. U.S. Dep't of Treasury*,
the court held that plaintiff's letter to the IRS "can be viewed as
an informal claim," but there was no subject matter jurisdiction
because "[p]laintiff has not perfected his informal refund claim."
950 F. Supp 1246, 1249-50 (S.D.N.Y. 1997).

A taxpayer is required to file a refund claim within two years
from the time the penalty was paid. *See* 26 U.S.C. §§ 6511(a),
6671(a) & 6721. Here, the alleged informal claim was filed No-
vember 10, 2017, and the penalty was fully paid as of July 31,
2018. Thus, the statute of limitations terminated on July 31,
2020. On December 10, 2020, Plaintiff submitted its amended
Form 843. Assuming the validity of the amended Form 843, or-
dinarily, this would perfect Plaintiff's informal claim under the
informal claim doctrine. However, the challenge in this case is
that the amended Form 843 was filed *after* Plaintiff initiated the
instant litigation on July 8, 2020. And once a claim is filed in
federal court, the IRS's jurisdiction terminates. *See Computervi-
sion Corp. v. United States*, 445 F.3d 1355, 1372 (Fed. Cir.
2006);[10] *Hall v. United States*, 148 Fed. Cl. 371, 379 (Fed. Cl.
2020) (holding "[t]his suit was brought before the [informal]
claim was perfected, and termination of the IRS's jurisdiction pre-
cludes any future attempt to do so"); *BNSF Ry. Co. v. United*

---

[10] The *Computervision* court properly distinguishes *St. Joseph Lead Co. v.
United States*, 299 F.2d 348 (2d Cir. 1962), which held that the amend-
ment of a tax claim filed after the initiation of a lawsuit in district court
was permitted under the germaneness doctrine. In *St. Joseph Lead Co.*, the
original refund claim was valid, as distinguished from Plaintiff's initial
Form 843, and taxpayer sought to amend its complaint, so the question
was whether "the Commissioner in determining the merits of the original
claim would necessarily have ascertained the facts on which the amend-
ment is based." *Id.* at 351. As the *Computervision* court noted, this rule
would be "untenable" in the context of the informal claim doctrine "since
it would allow amendments submitted after filing the refund suit to extend
the limitations period indefinitely." *Computervision Corp.*, 445 F.3d at
1372.

*States*, 745 F.3d 774, 785 (5th Cir. 2014) ("[W]here courts have applied the informal claim doctrine, 'the taxpayers followed their informal submissions with proper formal claims before initiating litigation.'" (quoting *Greene–Thapedi v. United States*, 549 F.3d 530, 533 (7th Cir. 2008))); *cf.* 5 U.S.C. § 901 ("Any case referred to . . . defense in the courts, the function of decision whether and in what manner to prosecute, or to defend, or to compromise, or to appeal, or to abandon prosecution or defense, now exercised by any agency or officer, is transferred to the Department of Justice.").

In a similar case, where the taxpayer filed an unsigned Form 843, filed a suit in federal court, and then submitted a valid Form 843, the court found that "[t]he law does not confer subject matter jurisdiction . . . when the suit is commenced prior to the filing of valid Forms 843." *Anuforo*, 2007 WL 2695805, at *3. The same reasoning applies here. The November 10, 2017 letter did not notify the IRS that Plaintiff was requesting a refund; and even if it did, Plaintiff did not perfect its informal claim prior to filing this suit. Thus, the informal claim doctrine does not confer subject matter jurisdiction upon this court.

   2.   Relation Back to the Original Form 843

Plaintiff further contends that this court has jurisdiction since the amended Form 843 relates back to the original Form 843. At the time of the Complaint, six months had passed since the original Form 843 was filed in July 2019. Plaintiff reasons that because the amended Form 843 filed in December 2020 relates back to the original Form 843, the amended Form 843 necessarily fulfills the requirement that a taxpayer wait six months after filing a refund claim to file a lawsuit. Plaintiff asks this court to find that the amended Form 843 filed with the IRS after the Complaint retroactively vests jurisdiction in this court.[11]

---

[11] Plaintiff further asserts that Form 843 may be amended at any time until it is statutorily disallowed by the IRS. (*See* Opp. at 5.) However, whether a taxpayer is permitted to amend its claim with the IRS is a separate question

However, none of the cases cited by Plaintiff deal with an original complaint lacking subject matter jurisdiction. Instead, Plaintiff's cited cases stand for the proposition that a plaintiff may amend a complaint only to the extent that the IRS or some other counterparty would have been on notice of the amendments based on the original complaint. For example, in a related case raised by Defendant, *Joseph Lead Co. v. United States*, the Second Circuit affirmed the district court's award of summary judgment to the taxpayer where the taxpayer filed a refund claim and subsequently amended it after filing the lawsuit since "computation errors . . . resulted in a substantial understatement of the basic figures." 190 F. Supp. 637, 639 (S.D.N.Y. 1960), *aff'd*, 299 F.2d 348 (2d Cir. 1962). The court found that the amendment did not constitute a new claim since it did "not amount, under the rules of pleading in actions at law, to an alteration of the cause of action and would not require the Commissioner to make a new and different inquiry than that which he was called upon to make." *Id.* However, there was no question as to whether the original claim was duly filed such that subject matter jurisdiction was proper in federal court. Thus, the relation back doctrine allows for tolling of the statute of limitation for certain amendments where jurisdiction was originally proper; it does not retroactively vest courts with subject matter jurisdiction.

Furthermore, jurisdiction must exist at the time of the complaint, and a plaintiff is not permitted to amend his or her complaint in order "to create subject matter jurisdiction where none already exists over the original complaint." *Hirsch v. Qingdao Orien Com. Equip. Co., Ltd.*, No. 12-CV-952 (RRM), 2015 WL 1014352, at *13 n.25 (E.D.N.Y. Mar. 6, 2015); *see also Pressroom Unions-Printers League Income Sec. Fund v. Cont'l Assur. Co.*, 700 F.2d 889, 893 (2d Cir. 1983) (declining to "create jurisdiction retroactively where none existed"). Thus, even if Plaintiff's amended Form 843 did "relate back" to the original Form 843, it would not retroactively vest jurisdiction in this court.

---

from whether the amended Form 843 can retroactively create jurisdiction in this court.

16

### C. Judicial Efficiency

Finally, Plaintiff contends that dismissing the Complaint would frustrate efficient judicial administration because Plaintiff could have filed a new case as early as June 2021, after six months had passed since the amended Form 843 filing in December 2020. But the IRS has the right to insist upon strict compliance with its regulations. *See Gallo*, 950 F. Supp at 1249 (citing *Angelus Milling Co. v. Comm'r*, 325 U.S. 293, 296 (1945)). As the Supreme Court explained in *United States v. Felt & Tarrant Mfg. Co.*, "[t]he necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected." 283 U.S. 269, 273 (1931). Furthermore, "[t]he law requires that the IRS be given an opportunity to rule on a claim for refund," which is precisely why "no claim may be reviewed in a court until the IRS has either denied the claim or failed to act for six months after the claim was [duly] filed." *Crocker v. United States*, 563 F. Supp 496, 500 n.3 (S.D.N.Y. 1983).

Federal Rule of Civil Procedure 12(h)(3) requires that a federal court dismiss a case that lacks subject matter jurisdiction, and this requirement is not trumped by considerations of judicial efficiency. Since it is "not within the judicial province to read out of the statute the requirement of its words," the court declines to find subject matter jurisdiction on the basis of judicial efficiency. *Felt & Tarrant Mfg. Co.*, 283 U.S. at 273.

## IV. CONCLUSION

For the reasons explained above, all claims against Defendant are DISMISSED without prejudice.


SO ORDERED.


Dated:     Brooklyn, New York
           March 7, 2022

                                   s/Nicholas G. Garaufis
                                   NICHOLAS G. GARAUFIS
                                   United States District Judge